## W. H. OLSCHEWSKE v. ROBERT SUMMERVILLE ET AL.

Decided June 6, 1906.

**1.—Partition of Land—Laws 1905.**

Where land is owned jointly and in equal parts by two different parties, but all the improvements thereon belong to one of such parties, and it has been determined by the Court in accordance with the provisions of the General Laws of 1905, that the land is not susceptible of a fair and equitable division, the trial court should order a sale of the property, with instructions that the report of the sale should show the value of the improvements and the value of the land separately, and the proceeds of the sale should then be divided in accordance with the interests of the parties in the property.

**2.—Sale of Community Property by Survivor to Pay Community Debt.**

Where land acquired jointly by husband and wife is owned by them in their respective separate rights, and is afterwards improved with community funds and a community debt incurred secured by lien on such improvements, the wife, after the death of the husband, has the right to convey her half interest in the land and all the improvements in satisfaction of said community debt, and such sale binds the children of the marriage as effectually as if they had made it themselves.

**3.—Judgment of Reversal—Writ of Error—Practice.**

When a case is reversed and remanded by a Court of Civil Appeals, and a party obtains a writ of error on the representation that the opinion of the Court of Civil Appeals settled the case, and the Supreme Court affirms the judgment of the Court of Civil Appeals, the case can not be opened again in the trial court for the purpose of hearing any testimony that might change the state of the case on the former appeal.

**4.—Partition of Land—Improvements.**

Where one joint owner owns all the improvements on land which is to be partitioned among several owners, the owner of the improvements should be allowed to remove them if he desires to do so, and thus simplify the partition.

### ON REHEARING.

**5.—Same—Taxes Paid by Tenant in Common—Minors—Rents.**

Taxes paid by a tenant in common upon the joint property should be refunded to him pro rata on a partition of the land. But one tenant in common is not liable to his cotenants for rents until an act amounting to an ouster has occurred. Such rents not being a lien on the land, like taxes, a minor cotenant can not be held personally liable for them.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Baldwin & Christian,* for appellant.—Inasmuch as this cause had been carried to the Supreme Court upon the statement of the appellants that the judgment of the Court of Civil Appeals in reversing and remanding said cause practically settled said cause, it was the duty of the Supreme Court to render such judgment as should have been rendered by the trial court, and inasmuch as the Supreme Court found that there was an absence of certain findings of fact of such nature as to prevent them from rendering the judgment that the trial court should have rendered, and they thereupon reversed and remanded said cause with instructions to the trial court to ascertain said facts and render judgment in accord-

ance with said opinion, and inasmuch as the appellants and the appellees filed agreement in the trial court agreeing as to the facts mentioned by the Supreme Court as being necessary to be found by the trial court, it was the duty of the trial court to render judgment upon the same in accordance with the opinion of the Supreme Court and without reopening the cause upon any question that had been finally disposed of by the opinion of said court; and inasmuch as the question of title to the property had been finally passed upon and settled by the Supreme Court, this question could not be reopened by the trial court, and the trial court erred in permitting the appellees to reopen this question and to introduce testimony showing that a part of the improvements upon said property had been paid for with the separate means of their father, Sidney B. Summerville. McConnell v. Wall, 67 Texas, 353; Wells v. Littlefield, 62 Texas, 31; Gunter v. Armstrong, 2 Texas Civ. App., 601; Taylor v. Jones, 24 Texas Civ. App., 201; Schintz v. Morris, 13 Texas Civ. App., 596; Enc. of Pleading and Practice, vol. 2, p. 378, and authorities there cited; Gaines v. Rugg, 148 U. S., 230; Texas & P. R. R. Co. v. Anderson, 149 U. S., 237; Aspen Mining Co. v. Billings, 150 U. S., 31; Chouteau v. Allen, 74 Mo., 56; Stewart v. Salamon, 97 U. S., 361; Am. and Eng. Enc. of Law, vol. 1, p. 621; Stapp v. Owens, 45 Ill. App., 488.

If the appellees were of the opinion when the judgment of the Court of Civil Appeals was entered on the former appeal, that on another trial of this case they would make proof that a part of the improvements placed upon said land were paid for with the separate means of their father, Sidney Summerville, they should have permitted said cause to come back to the trial court for another trial upon the merits of the case; and, inasmuch as said appellees saw fit not to accept the judgment of the Court of Civil Appeals in reversing and remanding said cause, and to carry said cause to the Supreme Court upon the statement that the opinion of the Court of Civil Appeals practically settled the case, they are now estopped from introducing testimony for the purpose of showing that any part of the improvements were paid for with the separate funds of Sidney Summerville. Sayles' Statutes, art. 941; Douglas v. Central Texas & N. W. R. R. Co., 90 Texas, 129; Ide & Son v. College Park Elec. Belt Line, 90 Texas, 509; City of Corsicana v. Kerr, 89 Texas, 464; Powell v. Texas & N. O. R. R. Co., 89 Texas, 663; Douglas v. Blount, 9 Texas, 499; Harvey v. Sutton, 94 Texas, 79.

The trial court erred in his third conclusion of law, wherein he concludes and finds that the plaintiff Olschewske is not entitled to any rents for the use and occupancy of said house by the plaintiffs. Hanrick v. Gurley, 93 Texas, 474; Hensel v. Kegans, 8 Texas Civ. App., 583, 587; Thompson v. Jones, 77 Texas, 626; Robinson v. Moore, 1 Texas Civ. App., 93; Hill v. Moore, 85 Texas, 335.

*James R. Masterson*, for appellee.

FLY, Associate Justice.—This is a second appeal of this case, the style of it on the former appeal being King v. Summerville, 80 S. W. Rep., 1050. On the former appeal the judgment of the trial court was reversed by this court, and a writ of error was obtained from the Supreme Court by the appellees on the ground that the judgment of this court

practically settled the case. The Supreme Court affirmed the judgment, and in its opinion coincided with this court on every point. The Supreme Court, as required of it by section 8 of article 941, Revised Statutes, practically rendered judgment in the case, and only remanded it for a partition of the property, which under the facts, could not be done by that court.

That court said: "We affirm the judgment of the Court of Civil Appeals reversing the judgment of the District Court, but the facts necessary to a final judgment have not been developed and the case will be remanded to the District Court to be disposed of under the following instructions: The plaintiffs are entitled to recover one-half of the land exclusive of improvements, which will be set apart to them if it can be so divided as to give to King the other half and improvements; if not, then the partition must be conducted in the usual way." As the law of 1905 on the subject of partition was in force when the trial was had, the court tried the case under that law, which requires the court to determine whether property is susceptible of partition, and if so, to appoint three or more commissioners to make the partition; but if not susceptible of partition, to order a sale of the real estate, which sale shall be made as under execution, or by private sale, through a receiver, if the court so order, and the proceeds divided. (Gen. Laws 1905, p. 95.)

This court, and afterwards the Supreme Court, had fully determined the shares or interests of the parties in the land in controversy, that is, that the Summerville heirs were entitled to one-half of the land, and King, the vendee of Olschewske, was entitled to the other half and all the improvements. When the District Court had determined, as it did, that the land was not susceptible of a fair and equitable division, we think it should have ordered a sale, with instructions that the report of the sale should show the value of the improvements and the value of the land separately, and then, when the report was made, it should have given the Summerville heirs one-half of the value of the land and have given to the other party one-half the value of the land and the whole value of the improvements.

We are unable to comprehend that the Summerville heirs had any equities to be adjusted. They own a one-half undivided interest in land on which certain improvements were erected with the community funds of their father and mother. Those improvements were sold by the survivor, their mother, to settle a mechanic's lien resting on them. This court and the Supreme Court held that the survivor had the right and authority to sell the improvements. The Supreme Court said: "The conveyance of Mrs. Hanks carried with it to Olschewske the improvements upon the property made with the community funds upon which the lien existed as well as the half interest in the land which belonged to her, and King is entitled in the partition of the lands to be compensated for the improvements." If the improvements alone had been sold by Mrs. Summerville—Hanks—Moran to Olschewske, he would have had the right to have removed them from the land. In effect it was so held in this case by the Supreme Court. What equities would the children then have had in the improvements? None whatever. If Olschewske would have had the authority to move the improvements in

that case he would have the authority to remove them if at the same time he bought one-half the land. Coupling a conveyance of the land with a sale of the improvements could in no way have created any equities in the children. If, as said by the Supreme Court, "Olschewske's vendee is entitled to receive the benefit of the improvements made with the community funds, which he bought from the surviving wife, as well as her half interest in the land," there are no equities to be adjusted between the parties. The children should have their one-half of the land, or its proceeds, and the vendee of Olschewske should have one-half the land and all the improvements, or their proceeds.

Such being our view of the case we have failed to understand how the equities as stated by the Supreme Court arose. That court said: "The court will ascertain the addition to the value of the land caused by the building of the house at the time the sale was made by Mrs. Hanks to Olschewske, and also the value of the lots conveyed by Olschewske; the sum of the amounts will constitute a charge against King, for the purpose of this case alone. The court will ascertain the value of Mrs., Hanks' interest in the lot at the time of the conveyance to Olschewske, the principal of the debt accrued on the property with interest and attorney's fee at the date of the said conveyance, also the amount paid by Mrs. Hanks for abstract of title and taxes on the land, and the sum of said items shall be a charge against plaintiffs' interest in the land. If the amount charged against King equals the sum charged against plaintiffs, King's equities will be satisfied and the court will consider the matter no further. If, however, the charge against plaintiffs be greater than the sum charged against King, then the court shall divide the excess equally, adjudge one-half to King with a lien on plaintiffs' interest in the land to be enforced through the Probate Court, unless it shall be necessary to sell the property for partition, in which case, the amount shall be paid out of the proceeds of plaintiffs' interest in the land." With the utmost deference and respect for that opinion we must say that we are unable to reconcile the equities suggested by the court with their ruling that one-half the land and all the improvements are the absolute property of King. If the improvements belonged at that time to King, now to Olschewske, and are so situated on the land as to prevent a division of the land, there can be no valid reason assigned for not allowing him the right to remove them to a point on the land so that the land can be divided, or to remove them from the land altogether. The children have no right in them whatever because their mother sold them, by and under authority of law, and that sale binds them as effectually as though they had made it themselves.

The trial court permitted witnesses to be introduced to show that the father of the Summerville children had paid $500 out of his separate estate on the improvements, and also permitted Olschewske to testify to a number of facts not bearing on the susceptibility of the land to be partitioned. Appellees having applied to the Supreme Court for a writ on the ground that the opinion of this court settled the case, confined their case to the testimony in the case at that time, and, when the Supreme Court affirmed the judgment of this court, the case could not be opened again for the purpose of hearing any testimony that might change the state of the case on the former appeal, except on the one

question specifically designated by the Supreme Court in its opinion on rehearing, which related to the homestead character of the land when the mechanic's lien arose. The evidence as to King having reconveyed the land to Olschewske does not come within this rule as it does not bear on the merits of the case. The law contemplates that when a writ of error is granted in a case in which there has been a reversal and remanding, by the Court of Civil Appeals, that the Supreme Court, in case it agrees with the judgment of the Court of Civil Appeal, should render judgment in accordance with the opinion of the last named court. In this case the Supreme Court did render judgment that the Summerville children should recover one-half the land in controversy and that King should recover the other half and all the improvements on the whole of the land, and the case was remanded merely to have a partition of the property in accordance with its judgment. No evidence was admissible save that bearing on the questions of homestead, and the susceptibility of the land to be partitioned.

The trial judge stated that Olschewske offered to move the improvements from the property, and we are of the opinion that he should have been permitted to do so; in which event the court could readily have divided the land without entering into the solution of the equities presented to it by the Supreme Court. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

In case appellant should desire to remove the improvements from the land, it will be the duty of the trial court, under the opinion of this court, as well as that of the Supreme Court, to authorize him to make such removal, and then partition the land as directed by those opinions. We do not conceive, as intimated by appellant, that there will be any effort, upon the part of the honorable judge who tried this cause, to evade the duties enjoined upon him by the Appellate Court in connection with this case, for his long record in public life has been one of duty well and fearlessly performed. He will do the right "as God gives him to see the right."

We are of the opinion that in the partition of the land appellant should recover of appellees their *pro rata* of the taxes paid by him on the land. (Kalteyer v. Wipff, 92 Texas, 673; Hanrick v. Gurley, 93 Texas, 458.) But as to compensation for the use of the premises, we do not think appellant should recover. Appellees are infants, and instituted this suit through their grandfather, as next friend. The doctrine of the payment of the rent by one tenant in common to another is based upon the ouster of one by the other. We do not understand that the minors in this case have been placed in such a position as to be liable for the use and occupation of the premises, if a minor could in any instance be held liable for ousting a tenant in common from the premises. We are unwilling to permit the interest of the infants in the land to be absorbed by rents alleged to have accrued to appellant for the time a few months before and while this suit has been pending. Those rents could not be

made a lien upon the land, as could the taxes, and the minors can not be held personally liable for them.

Nothing should be inquired into as to homestead rights except insofar as indicated in the opinion on rehearing by the Supreme Court. That question can affect nothing but the matter of attorney's fees.

Appellees obtained a hearing by the Supreme Court, on the former appeal of this case, by representing that the opinion of this court had settled the case, and they can not now repudiate that representation and again reopen the case in the trial court. They will not be permitted to play fast and loose with courts, but will be compelled to act in consonance with the dictates of fairness and the demands of good faith. They fixed the status of their case by their voluntary representations and can not render judicial proceedings farcical by filing new pleadings and making out a new case, in the face of their allegations that their facts had been exhausted. The Supreme Court had no authority to grant a writ of error except on the ground that the case was settled by the opinion of this court, and the statute in such case contemplates that the Supreme Court shall render final judgment. Insofar as it could be done the Supreme Court did render judgment and that judgment was that appellees should have one-half the land, or its proceeds, and appellant should have the other half and the improvements, or their proceeds. This is the decision of this court, and there is no desire or intention upon the part of this court to ignore or treat with contempt the decision of the Supreme Court, as is so impertinently insisted on by counsel for appellees. If the rights of the minor children have not been properly protected, as is insisted by counsel, it is not the fault of the trial judge, nor of the Appellate Courts, but it comes from a failure to fully show the rights of the minors in the improvements, which failure was followed by a representation that the case had been fully developed. If appellees had acquiesced in the former decision of this court, they could on another trial have fully developed their case, but that was not done, and a writ of error was applied for, and the judgment of this court affirmed, and thereby every avenue for reopening the case on the facts was closed to the minors, whose interests, according to the motion for rehearing, have not been properly protected.

The motions for rehearing are overruled except as to the taxes as hereinbefore indicated.

*Motion overruled.*

Writ of error dismissed.