WILLIAMSON et al. v. McELROY et al.

(Court of Civil Appeals of Texas. Dallas. March 22, 1913. Rehearing Denied April 19, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—REQUISITES.

An assignment of error submitted as a proposition but not followed by any statement of the proceedings or part thereof in the record, as required by court rule 31 (142 S. W. xiii), necessary to explain and support the assignment, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 173*)—QUESTIONS NOT RAISED IN TRIAL COURT.

A defendant in partition, who did not in his answer question the right of the court to partition, but suggested that the same could only be done by a sale, may not on appeal object to a partition on the ground that the trial court had no right to make it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

3. PARTITION (§ 12*) — JURISDICTION — DISTRICT COURT.

The district court, having concurrent jurisdiction with the probate court to partition estates where no administration is pending, has jurisdiction to partition incumbered real estate in the absence of any administration pending, especially where a partition will result in no material injury to any of the owners of the property.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 27; Dec. Dig. § 12.*]

4. PARTITION (§ 13*)—RIGHT TO MAINTAIN PARTITION—STATUTES.

Rev. Civ. St. 1911, art. 6096, providing that any joint owner of any real estate or of any interest therein may compel a partition thereof, authorizes any joint owner or claimant of any estate to compel a partition thereof.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 28; Dec. Dig. § 13.*]

5. HUSBAND AND WIFE (§ 268*)—COMMUNITY PROPERTY — LIABILITY FOR COMMUNITY DEBTS.

All community property of an estate, except the homestead, is liable for community debts.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 953–967; Dec. Dig. § 268.*]

6. PARTITION (§ 88*)—COMMUNITY PROPERTY—JURISDICTION—POWER OF COURT.

The district court may partition incumbered community real estate, and, to effect a fair partition, it may decree, after awarding to persons interested certain lands in severalty, that the land set apart to one of them shall be subject to the incumbrance, especially where the evidence shows that the estate is solvent, and that the land set apart is of value equal to their interests.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 254; Dec. Dig. § 88.*]

7. APPEAL AND ERROR (§ 1008*)—FINDINGS OF TRIAL COURT—CONCLUSIVENESS.

A judgment in partition rendered by the district court hearing the evidence of the value of the land partitioned will not be set aside in the absence of very clear proof of unfairness and abuse of discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3960, 3962–3969; Dec. Dig. § 1008.*]

Error from District Court, Hill County; C. M. Smithdeal, Judge.

Action by E. A. McElroy and others against Delina Williamson and others. There was a judgment granting relief, and certain of the defendants bring error. Affirmed.

Tom P. Whipple, of Waxahachie, for plaintiffs in error. Morrow & Morrow, of Hillsboro, for defendants in error.

TALBOT, J. The following statement of the nature and result of this suit is taken from the brief of the defendants in error:

"This suit was brought in the district court of Hill county, Tex., by E. A. McElroy, Sr., E. S. McElroy, E. A. McElroy, Jr., O. B. McElroy, Palley Day McElroy, Idona Carr, and her husband, John Carr, and J. H. McElroy, as next friend for Oscar McElroy, a minor, as plaintiffs, against Delina Williamson and her husband, James Williamson, as defendants, praying for a partition and distribution of certain real estate and personal property belonging to the community estate of E. A. McElroy, Sr., and his deceased wife, S. A. McElroy. The allegations of the plaintiffs' petition set out the property belonging to the community estate of E. A. McElroy and his deceased wife, and the value thereof. Said property consisting of real estate situated in Hill, Midland, King, and Martin counties; the value of which real estate and the incumbrances against the various tracts being set out; of personal property of the aggregate value of $4,580; and notes of the aggregate value of $6,160.72. The petition further alleged that there were personal obligations against the estate aggregating the sum of $13,786.24, setting out the nature of each obligation and the amount thereof. The petition further alleged that of said estate E. A. McElroy was entitled to a one-half interest, and each of the other parties, naming them, to a one-fourteenth interest each, and prayed that a partition of said estate be ordered upon such basis, setting aside to Oscar McElroy his interest in severalty, and to Delina Williamson her interest in severalty, and that the interest of the other parties, E. A. McElroy, Sr., E. S. McElroy, E. A. McElroy, Jr., O. B. McElroy, Palley Day McElroy, and Idona Carr and her husband, John Carr, be set aside to them in an undivided portion; and further prayed that, in partitioning said estate, the obligations existing against same be disposed of.

"Delina Williamson, joined by her husband, answered by general denial and pleaded that the estate could not be partitioned without sale on account of the incumbered condition of the land. Upon a hearing, the court found that E. A. McElroy was entitled to one-half of the property described in plaintiffs' petition; that all of said property was the community property of E. A. and S. A. McElroy; and that each of the other parties were en-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

titled to one-fourteenth of said property; found that all of said property was susceptible of partition, and ordered it partitioned among the parties according to their respective interests, the one-fourteenth interest of Delina Williamson to be set aside to her in severalty, and the one-fourteenth interest of Oscar McElroy be set aside to him in severalty, and the interests of the others be set aside to them jointly in an undivided portion. The court further found that the obligations and incumbrances against the property and estate were community obligations and that the parties plaintiffs and defendants were charged with the duty of discharging same in the respective amounts of their interests in the property. Commissioners were appointed to partition the property in compliance with this order. The commissioners duly filed into court their report of partition. Said report listed the real estate belonging to the estate, giving the value of each tract and the amount of incumbrance against each tract. The aggregate value of the lands so listed being $84,075, and the total of the incumbrances $19,019, the personal property was listed and valued, the total value being $4,580; the notes due the estate were set out, the total amount of same being $6,160.72, with $297.04 interest, making the aggregate value of the personal property and notes due the estate $11,037.76. The personal obligations of the estate were set out; the total of same being $13,786. The report set aside to Oscar McElroy 198 acres out of survey 98, block 13, Houston & Texas Central Railway survey in King county, free from any incumbrance, valued at $4,557; the entire incumbrance against the 640 acres, of which the 198 is a part, to be charged against the remaining portion of said 640 acres, after deducting the 198 acres, and to be paid by the persons to whom the remaining land is set aside. To Delina Williamson was set aside 640 acres in Midland county, valued at $6,100, against which there was an incumbrance of $1,648. The remainder of the property was set aside to E. A. McElroy, Sr., E. S. McElroy, E. A. McElroy, Jr., O. B. McElroy, Palley Day McElroy, and Idona Carr. Said parties to take the land subject to the incumbrances against the same, but they are not to assume the same or make same a charge upon any of the real estate, except the portion thereof upon which they are respectively already an incumbrance. Said last-named parties also to assume all of the personal obligations of the estate.

"To the report of the commissioners, Delina Williamson filed her objections, which were, in substance: First, that the report was unfair to her because the property set aside to her was not worth but little more than the incumbrance against it, to wit, $1,648; second, that her interest was worth $4,458.96; third, because there were liens, debts, and incumbrances against the estate which would prevent a partition of same without a sale; fourth, because there were enough notes on hand to pay her her interest; fifth, because the interest set aside to her did not equal in value $4,458.

"These objections and exceptions were presented to the court, and evidence heard upon them, and the court, after hearing the evidence, confirmed the report of the commissioners and ordered the property partitioned in accordance therewith, and, from this order and judgment, the defendant Delina Williamson has brought error."

None of the assignments of error comply with the late amended rules for the briefing of cases, but the case was tried and final judgment rendered several months before the rules, as amended, became effective.

[1] The first assignment of error, which is submitted as a proposition, asserts that the court erred in rendering judgment of partition, because there was no evidence offered showing title in the community estate of E. A. McElroy and his wife to the lands attempted to be partitioned. This assignment is grouped in the brief with the second assignment of error, which presents an entirely different question for decision, and besides there is not subjoined to said first assignment a brief statement of such proceeding or part thereof contained in the record, as required by rule 31 (142 S. W. xiii) relating to the briefing of cases, as is necessary to explain and support said assignment. Indeed, said assignment of error is not followed by any statement whatever pertinent to it. The assignment, therefore, is not in compliance with the rules as they were before amended, and not entitled to consideration. If, however, we were disposed to consider the assignment of error, we are not prepared to say that it points out reversible error. The answer of the defendants practically admitted that the estate sought to be partitioned was community property of E. A. McElroy and S. A. McElroy, and the trial court expressly found, as appears from the judgment entered, that such was the character of said property.

[2] The second and third assignments of error present the same question for decision, and are, in substance, that the description of the property in plaintiff's petition and the report of the commissioners appointed to divide the same show that practically all the property was incumbered to such an extent that the same could not be legally partitioned, until an administration of the estate could be had; that the incumbrance on the lands aggregate $17,977, and the personal debts $12,264, exclusive of interest; therefore the court erred in appointing commissioners to divide said estate among the heirs.

The precise question here presented does not seem to have been raised in the court below. The answer of the defendants does not seem to have questioned the right of the

court to partition the estate, but suggested that the same could only be done by a sale of the property, and it in no wise claimed that the interests of the parties to the suit were not as alleged in the petition of plaintiffs and as found by the court. The effect of the answer was, in our opinion, not to deny the right or object to a partition of the property, but to insist that partition should be made by a sale of the property and a division among the heirs of the proceeds arising therefrom in accordance with their respective interests. This being true, the defendants are in no position to object in this court to the partition as made and question the right of the trial court to make it for the reason assigned.

[3] Again, there was no administration pending upon the estate in question, and the plaintiffs and defendants, being joint owners of said estate, were entitled, as a matter of right, to have it partitioned among them according to their respective interests; and the district court having concurrent jurisdiction with the county or probate court to partition estates, where no administration is pending, the district court was not without jurisdiction to partition the property involved in this suit, notwithstanding the incumbrances upon it and the debts against the estate, especially where such partition would result in no material injury to either of the owners of said estate.

[4] The plaintiff in error, Mrs. Delina Williamson, joined by her husband, is the only one of the interested parties complaining in this court of the judgment of partition, and that they have not sustained any injury by reason thereof seems manifest from the record. The right of a joint owner or claimant of any estate to compel a partition thereof between the other joint owners or claimants "is recognized by our statute in the broadest terms." Article 3606, Rev. Stats. 1895; article 6096, Rev. Stats. 1911; Morris v. Morris, 45 Tex. Civ. App. 60, 99 S. W. 872.

[5] The fifth assignment of error is to the effect that the court erred in confirming the report of the commissioners, because the indebtedness against the community estate attempted to be divided was of such a nature that the same could not be shifted as was attempted to be done. The proposition advanced under this assignment is that "all the community property of an estate, except the homestead, is liable for the community debts." The proposition states the law correctly, but it does not necessarily follow, it occurs to us, that the court erred in confirming the report of the commissioners because of the existence and nature of the indebtedness against the community estate.

[6] The partition under the circumstances may be unusual, but that the district court of Hill county had jurisdiction to partition the estate cannot be denied, and, for the purpose of effecting a fair and just partition, had the power, especially in view of the fact that the assets of the estate were very largely in excess of its liabilities, to decree, after awarding to the minor, Oscar McElroy, and Mrs. Delina Williamson in severalty certain lands belonging to said estate, that the said Oscar McElroy and the said Mrs. Williamson should "be held free and harmless from the payment of any of the personal obligations (of the estate) and from any of the obligations which are incumbrances upon the land," except that Mrs. Williamson was to take the land set apart to her, subject to the incumbrance thereon of $1,648. It appears that the estate was solvent to the extent of $40,-000, and, in the adjustment and partition made, it does not seem likely that either Oscar McElroy or Mrs. Williamson has or will suffer any damage by reason thereof. The evidence is amply sufficient to show that the land set apart to them, respectively, is of value fully equal to their interests in the estate; and if it should be said that creditors of the estate were not bound by the decree, and that the lands decreed to Oscar McElroy and Mrs. Williamson are still subject to the payment of all debts of creditors, it may be said in reply that the decree of partition creates in their favor an equitable lien on the lands awarded to other parties to the suit to secure them in a reimbursement of such sums as they may be forced to pay on said debts, and that, in view of the solvency of said estate, it is a bare possibility that either of them will ever be called upon by creditors. However, as to Oscar McElroy, he is not here complaining, but, so far as the record discloses, is satisfied with the decision made.

[7] The contention that the property set apart to Mrs. Williamson was not of the value of the incumbrances thereon is not sustained by the record. The incumbrance is $1,648; Mrs. Williamson's interest in the estate is $4,458.96; and the evidence shows that the land given her in the partition decree is of the value of $6,100. The district court was vested with authority to determine whether the property involved in this suit was susceptible to partition without a sale, and having determined that said property was capable of division without sale, and having heard evidence as to the value of the land set aside to Mrs. Williamson, and having determined that she received her fair share and interest of the estate, we would not be warranted, in the absence of very clear proof of unfairness and abuse of discretion, to set aside his judgment.

What we have already said disposes of the seventh and eighth assignments of error adversely to plaintiff in error's contention. At any rate, these assignments do not, in our opinion, disclose reversible error.

We think the judgment of the court below should not be disturbed, and it is affirmed.