## CALDWELL et al. v. FARRIER et al. (No. 6878.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 7, 1923. Rehearing Denied Feb. 28, 1923.)

1. Partition ⬥43—"Cotenancy" used without regard to distinction between different forms of tenancy in statute as to venue of partition suits.

"Cotenancy," which is broad enough to comprise both tenancy in common and joint tenancy, was used in Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, exception 13, as amended by Laws 1919, c. 93 (Vernon's Ann. Civ. St. Supp. 1922, art. 1830, exception 13), providing that when the "cotenancy" of any of the parties to a partition suit is established or becomes an issue of fact, it shall not be held that the real purpose was to try title, so as to require that the suit be brought in the county

where the land is (exception 14), without regard to any distinction between the different forms of tenancy; the object of partition proceedings being to enable persons owning property, whether as joint tenants, coparceners, or tenants in common, to end the tenancy and allot each his part of the property.

**2. Partition ⚫⚊14—Any cotenant may demand partition.**

Any cotenant may demand partition as a matter of right.

**3. Partition ⚫⚊43—Venue lies in any county in which any defendant resides.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, exception 13, as amended by Laws 1919, c. 93 (Vernon's Ann. Civ. St. Supp. 1922, art. 1830, exception 13), authorizing partition suits in any county in which any defendant resides, though one or more may assert an adverse interest in, claim ownership of, or seek to recover title to the land, unless the real purpose is to recover title to land in another county, but providing that, if a cotenancy is estabilshed or becomes an issue of fact, it shall not be held that the real purpose is to try title, a partition suit may be brought in a county in which one defendant lives, though the land is not located therein, where it appears from plaintiffs' pleading that an issue as to cotenancy exists; exception 13, as amended, being no more in conflict with exception 14, requiring that suits to recover land or damages thereto, etc., be brought in the county where the land is, or Rev. St. art. 6097, than before the amendment.

Appeal from District Court, Live Oak County; M. A. Childers, Judge.

Suit by Mrs. Jennie Farrier and others against C. M. Caldwell and others. From a judgment denying a change of venue to another county, defendants appeal. Affirmed.

A. S. Hardwicke, of Dallas, Wilson & Alred, of Breckenridge, and T. H. Miller, of George West, for appellants.

Sid. B. Malone, H. S. Bonham, and L. D. Stroud, all of Beeville, for appellees.

FLY, C. J. This is a suit ostensibly for partition of a part of block No. 74, in the town of Breckenridge in Stephens county, Tex., and for an accounting with C. M. Caldwell and judgment for the amount of money received by him from the sale of shares of oil rightfully belonging to appellees, which was instituted by Jennie Farrier, joined by her husband, F. M. Farrier, and Joseph B. White, who reside in Live Oak county, Myrtle Brown, joined by her husband, Bolivar Brown, who reside in Hood county, and Byron White, who resides in San Patricio county, suing for themselves and as the next friends of Charley Richards, Jr., a junior, residence unknown, and Charley Richards, Sr., residence also unknown, against H. D. House, residing in Live Oak county, C. M. Caldwell, residing in Stephens county, the

Humble Pipe Line Company, and the Magnolia Petroleum Company, with offices and agents in Breckenridge, Stephens county, and the Sinclair Pipe Line Company, with office and agent in Breckenridge. This is an appeal from a judgment denying appellants a change of venue from Live Oak county to Stephens county, where the land is situated and all the appellants reside except H. D. House, who lives in Live Oak county.

The general provision in regard to suits for the recovery of land or damages thereto, suits to remove incumbrances upon the title to land, and suits to prevent or stay waste on lands is that they must be brought in the county in which the land, or a part thereof, may lie. Article 1830, exception 14, Vernon's Sayles' Civ. Stats. In exception 13, of article 1830, as amended in 1919 (Laws 1919, c. 93 [Vernon's Ann. Civ. St. Supp. 1922, art. 1830, exception 13]), it is provided:

"Suits for the partition. of lands or other property may be brought in the county where such lands or other property or a part thereof may be, or in the county in which one or more of the defendants reside, and any such suit for partition of lands or any other property may be brought and prosecuted in the county of the residence of any one or more of the defendants, notwithstanding any one or more of such defendants may assert an adverse interest in such property, or claim to be the owner thereof, or seek to recover the title to the same, provided that nothing herein 'shall be construed to fix venue of any suit whose real purpose is to recover the title to land other than in the county where such land, or part thereof, may lie, but whenever, on the trial of the case, the cotenancy of the parties or any of them is established, or becomes an issue of fact, it shall not be held that the real purpose of the suit was to try the title of the land."

It is clear from the language of the amendment that the object and aim thereof was to fix the venue of partition suits, not only in counties where the land or other property might be, but also in those where one of the defendants might live, and while it is provided that venue could not be fixed in any county except where the land is situated where the real purpose is to recover title, that is so conditioned as to destroy much of its vitality.

On its face, this suit is one for partition and not an action of trespass to try title, and the question of whether it is in reality such an action or not is the only issue in the case, because it was in effect admitted that H. D. House did own an interest in the land and resided in Live Oak county, which fact would place the venue for an action to partition land. An attorney for appellants admitted, and such admission is embodied in the statement of facts, that no effort would be made to show that the assignment of an interest in the land was not made in good faith, and

⚫⚊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that, so far as the plea of privilege is concerned, the question could not be raised, which of course eliminates the question so far as this appeal is concerned.

The facts show that H. D. House is a resident of Live Oak county, Tex., that an interest of one ninety-sixth in the land in controversy was conveyed to him in good faith by Joseph B. White, and that he is the owner of the same. None of the appellees has lived on the land in question in the last five years.

[1, 3] In arriving at whether the real purpose is to try title and not merely to partition the statute quoted, makes the decision on the question as to whether cotenancy is established an issue of fact, and the determination of this case must rest on that issue. Appellants seek to draw a distinction between cotenants and tenants in common, but we have nothing to do with any such distinction, if any now exists. Cotenancy is a term broad enough under modern interpretation to comprise both tenancy in common and joint tenancy, and was no doubt used by the Legislature in its broadest sense, without regard to any subtle distinction between the technical different forms of tenancy. 7 Ruling Case Law, Cotenancy, §§ 1, 2, pp. 809, 810. The object of partition proceedings is to enable those who own property as joint tenants or coparceners or tenants in common to end the tenancy and allot to each his part of the property, and partition and cotenancy are used by the Legislature to include all the forms of tenancy. Any cotenant may demand partition as a matter of right. 20 Ruling Case Law, § 27, p. 743. And under section 13, as amended, when the question of cotenancy is established, or even is an issue of fact, it cannot be held that the real purpose of the suit was to try title to land. The pleadings of appellees show that an issue exists as to cotenancy and venue would obtain, "notwithstanding any one or more of such defendants may assert an adverse interest in such property or claim to be owner thereof, or seek to recover the title to the same." In other words, if the status of the case is to be fixed by the pleadings, it would be by those of the plaintiff rather than by those of the defendant. The defendant cannot transform a suit for partition into one of trespass to try title by his pleadings as formerly, and that is about all that appellants have to depend on in this case. The statute as amended in 1919 is no more in conflict with exception 14 of the same article, nor with Rev. St. art. 6097, than it was before the amendment. If the real object of the suit is to try title to land, it must be brought in the county in which the land or a part thereof is situated, but if it appears that a cotenancy in the land exists, it shall not be held that the real purpose of the suit is to try title to the land. All of the decisions cited by appellants were rendered before the enactment of the amendment of 1919, and consequently shed no light on the proper construction to be placed upon it. The amendment of 1919 is the last expression of the Legislature on the subject, and authorizes the prosecution of this suit in Live Oak county.

The judgment is affirmed.