**ROLLS et al. v. WOODS et al.**
**(No. 724—4315.)**

(Commission of Appeals of Texas, Section A.
Feb. 23, 1927.)

**1. Mines and minerals ⊝⇒58—Evidence held not to negative delivery of oil lease.**

Evidence *held* not to sustain the contention that there was no delivery of a certain oil lease as a complete instrument.

**2. Mines and minerals ⊝⇒48—Oil in place under the land is real property.**

Oil in place constitutes part of the real estate.

**3. Tenancy in common ⊝⇒44, 49—Joint owner of oil rights under land may sell, convey, or lease his interest therein, though partition is impossible.**

An interest in oil being an interest in real property, a joint owner of oil rights may sell, convey, or lease such interest, whether or not the interests may be partitioned.

---

⊝⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Partition ⟞==13—Owners of oil and gas lease, formerly community property of lessor and wife, held entitled to partition, under partition statute, against wife's heirs (Rev. St. 1925, art. 6082).**

Where defendants obtained an oil and gas lease on 100 acres of land, which was formerly the community property of the lessor and his wife, they were *held* entitled to partition under Rev. St. 1925, art. 6082, against plaintiffs, who owned an undivided interest therein as heirs of the wife.

Appeal from Court of Civil Appeals, of Second Supreme Judicial District.

Suit by Ira Rolls and others against J. S. Woods and others. From a judgment of the Court of Civil Appeals (268 S. W. 988) reversing a judgment for the plaintiffs, plaintiffs appeal. Affirmed.

J. M. Donald, of Bowie, and Ocie Speer, of Fort Worth, for appellants.

Robt. K. Crain, of Wichita Falls, and W. O. Davis, of Gainesville, for appellees.

BISHOP, .J. The plaintiffs in error, Ira Rolls, H. C. Rolls, Viola Black, and Mamie Spivey, are the children of C. L. Rolls and Nola Rolls. After the death of Nola Rolls, C. L. Rolls was married to Nettie Rolls, and on March 13, 1922, C. L. Rolls and wife, Nettie Rolls, for a cash consideration of $100 paid to them, executed an oil and gas lease upon 100 acres of land to H. E. McMahon. Thereafter McMahon assigned this lease to J. S. Woods, who transferred a specific 20 acres to Tom L. Coleman. This land was the community property of C. L. Rolls and his former wife, Nola Rolls, and, as her heirs, plaintiffs in error own an undivided interest therein.

On September 12, 1922, the above-named plaintiffs in error filed this suit in the district court of Montague county against defendants in error, McMahon, Woods, and Coleman, and plaintiff in error C. L. Rolls and his wife, Nettie Rolls, to cancel this lease, and to divest defendants in error "of each and every right claimed or asserted by them in and to the" property. In their petition they alleged that, at the time the lease was executed, McMahon represented to C. L. Rolls that, if he and his wife would sign same, McMahon would secure the consent and signatures of his said children to the lease, and that C. L. Rolls, relying upon this representation, signed same with the understanding that it should be of no force and effect, unless the consent and signature of said children were obtained; that they had not agreed or consented to its execution; and that for this reason "the same is of no force and effect, and is null and void," and casts a cloud upon their title and the title of C. L. Rolls. They also alleged that C. L. Rolls was the owner of only an undivided interest

in said land, and "did not have authority or power to bind them in any manner whatever; but did execute said lease solely by reason of the understanding and contract entered into which was to the effect that the said lease was to be of no force and effect, unless consented to and executed by" them; and that the property was "not susceptible of partition by reason of the fact that the said C. L. Rolls is entitled to the use of said premises during his natural life, and by reason thereof the lease * * * is of no force and effect whatever, but clouds the title to said premises, and deprives" them and C. L. Rolls "of the use thereof to their damage."

C. L. Rolls and wife filed their answer, alleging the facts to be as alleged by the other plaintiffs in error in their petition, and also alleging that C. L. Rolls was using the land as his homestead, and for that reason same was not "susceptible of partition," and prayed that said lease be canceled, and "for judgment awarding him life estate in said property." ·

Defendants in error answered by general denial, and alleged "that it is not true, as alleged in the petition, that the land is not susceptible of partition, but the defendants say that, if the plaintiffs are in fact the owners of an undivided half of said land, subject to the life estate of the defendant, C. L. Rolls, that said land can be easily divided so as to set. apart to the plaintiffs one-half of the surface of said land, or one-half of the minerals thereunder, subject to the occupancy of the defendant C. L. Rolls during his natural life, and this the defendants are ready to verify, wherefore they pray to be discharged with their costs."

The case was tried before the court without a jury, and judgment was rendered canceling lease as prayed for by the plaintiffs in error. The Court of Civil Appeals reversed the judgment and remanded the cause, holding that the lease is binding on C. L. Rolls as to his undivided interest, though it may have no effect as to such interest as his children own in the land. 268 S. W. 988. ·

On motion for rehearing, that court found that there was testimony sufficient to sustain the allegation, "that at the time C. L. Rolls and wife Nettie Rolls executed the lease in controversy to" McMahon, "it was understood by and between the parties to the instrument that the lease was to. be of no force and effect, unless the same was also executed by" the children of C. L. Rolls, but that the trial court was not warranted in canceling the lease on this testimony, for the reason that same is an attempt to show a delivery in escrow to McMahon, and "there could be no valid escrow delivery to the grantee," citing the case of Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097, as sustaining this holding.

[1] Attacking this holding by assignment of error, the plaintiffs in error assert that this allegation is to the effect that there was no delivery of the oil lease, and that same never became a complete instrument, for the reason that it was never executed by all of the parties necessary to complete it, and therefore no delivery was possible. This, we think, is the effect of the allegation made in the petition, and, if the finding of the Court of Civil Appeals that this allegation has support in the evidence was correct, we would insist that this assignment should be sustained. Steffian v. Bank, 69 Tex. 518, 6 S. W. 823; Coleman v. Easton (Tex. Com. App.) 249 S. W. 200; Pou v. Dominion Oil Co. (Tex. Com. App.) 265 S. W. 886; Morris v. Logan (Tex. Civ. App.) 273 S. W. 1019 (writ refused). However, we find in the record in this case no evidence which shows, or from which, it can be inferred that, at the time C. L. Rolls and wife executed the lease, it was agreed that it should be of no effect, unless it was also executed by the other plaintiffs in error. The evidence shows that C. L. Rolls was paid the full consideration for the lease at the time he executed it, which he accepted and appropriated to his own use. All the testimony favorable to plaintiffs in error in regard to what was said at the time he executed the lease was that given by him and his wife. He testified as follows:

"H. E. McMahon, in company with Joe Benton, came to see me to lease some land. Myself and all of my heirs were interested in the land. I told Mr. McMahon and Benton the shape of the land it was in. I explained to them the ownership of the land. I signed a lease or something. I said to McMahon and Benton, 'I don't want to go into this blindly like I did once before. Now there are heirs interested in it, and I want it satisfactory to them.' My understanding was that they were to fix it up with the heirs. The heirs have never executed a lease.

"Mr. Benton was with Mr. McMahon when he come to see me about leasing the land. I signed something. They said it was a lease. They read it to me, and I signed it. I don't know that I ever told my children what I had done. Well, of course I told them. I don't remember the time I told them."

His wife testified:

"I am the wife of C. L. Rolls. I was present when Mr. McMahon and Joe Benton came to our house to get me to sign a lease.

"Q. At the time you signed it, did Mr. Rolls explain to Mr. McMahon and Mr. Benton that he didn't own all of this land? A. He did.

"Q. Did Mr. McMahon and Mr. Benton sign the lease under those conditions? A. Yes, sir."

There is not from this testimony the slightest intimation that this instrument was to have been executed by his children, or that, so far as his interest in the land is concerned, it should not take effect from the instant it was executed. For the reason there is no evidence tending to show the instrument was not delivered, we think this assignment should be overruled.

[2, 3] According to the pleadings in this case, neither of the parties hereto are seeking a partition of any character. The plaintiffs in error are contending that the lease is void, for the reason that, being tenants in common, the oil and gas in place under the land is not susceptible of partition, and they also assert that C. L. Rolls, as community survivor, is entitled to the possession and use of the land during his life, as his homestead, and, because under the law his children could not force a partition, the lease is void and of no effect. Oil in place under the land is real property, and whether it could, or could not, be partitioned, would afford no valid reason why a joint owner could not sell, convey, or lease his interest therein. Even if the oil and gas under the land were not susceptible of partition, this would not afford any reason for holding the lease void.

[4] However, the Court of Civil Appeals held that, under article 6082, R. C. S. 1925, defendants in error were entitled to partition as against the children of C. L. Rolls and his former wife, Nola Rolls. Error is assigned on this holding. While the holding is not necessary to the disposition made by that court of this case, we are of the opinion that same is correct. The Court of Civil Appeals for the Third Supreme Judicial District in the case of Henderson v. Chesley, 273 S. W. 299, makes a similar holding. In that case application for writ of error is now pending in the Supreme Court. We have had access to the record therein, and approve the holding of that court on this question.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.