J. A. R. MOSELEY, JR., v. MRS. LOLA HEARRELL ET AL.

No. 8072. Decided May 12, 1943.
Rehearing overruled June 9, 1943.
(171 S. W., 2d Series, 327.)

*Bramlette, Levy & Bolton,* and *Frank C. Bolton. Jr.,* of Longview, for petitioner.

The Court of Civil Appeals erred in holding that the joint owner of the mining property may not compel actual partition and sale by Judicial proceeding under statutory provisions where the trial court finds as a fact, supported by the evidence that the mining property is of a character incapable of partition in kind, and a fair and equitable division of the particular prop-

erty cannot be made. Henderson v. Chesley, 116 Texas 355, 292 S. W. 156; 20 R. C. L. p. 739; 18 R. C. L. p. 1250.

*Hurst, Leak & Burke,* and *L. F. Burke,* all of Longview, for respondents.

Mr. Chief Justice Alexander delivered the opinion of the Court.

This suit was brought by J. A. Moseley, Jr., against Mrs. Lola Hearrell and others for partition of the mineral interest in a one-acre tract of land. The trial court found that the mineral interest was incapable of partition in kind, and ordered it sold by a receiver and the proceeds divided. The judgment was rendered by the Court of Civil Appeals. 168 S. W. (2d) 317.

R. N. Wood originally owned the mineral interest in the tract of land in question. His interest was encumbered with a covenant that no more than one oil well would ever be drilled on the land. A firm of attorneys held an overriding royalty of 14/128th interest in the minerals. Wood conveyed to Mrs. Lola Hearrell an undivided 49/128th in the minerals. Afterwards a well was drilled and brought in as an oil producer. Wood and Mrs. Hearrell then entered into an oral understanding, by the terms of which Mrs. Hearrell was allowed to operate the well during the joint ownership of herself and Wood. Such understanding was not to extend beyond the period of such joint ownership. Thereafter Wood conveyed all of his remaining interest to the plaintiff J. A. R. Moseley, Jr. Moseley had knowledge of the previously existing oral operating agreecent between Wood and Mrs. Hearrell at the time he purchased Wood's remaining interest in the property.

In this connection, it is proper to state that it was alleged by Mrs. Hearrell that Moseley, in seeking the partition of the property, was endeavoring to acquire her interest therein; that she would be financially unable to buy in the property at a receiver's sale; and that if her interest should be sold by the receiver it would not bring its full value, and in addition she would be compelled to pay a large Federal income tax out of her receipts from the sale. These allegations were made for the purpose of showing that it would be inequitable to Mrs. Hearrell to compel partition of the property.

The Court of Civil Appeals was of the opinion that the joint ownership of the property and the parol operating agreement

between Wool and Mrs. Hearrell created a mining partnership, and that when Moseley purchased Wood's interest he thereby became a partner in the venture. The court was further of the opinion that Moseley, as a member of the firm was not entitled to dissolve the partnership and compel partition of the property without showing equitable grounds therefor. We are not in accord with this view.

In our opinion, it is not material whether the relationship between the parties created a mining partnership, nor whether the plaintiff showed equitable grounds for the partition. Our statutes relating to partition read as follows:

"Article 6082. Any joint owner or claimant of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof in the manner provided in this chapter."

"Article 6096. Should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, can not be made, it shall order a sale of so much as is incapable of partition, which sale shall be for cash, or upon such other terms as the court may direct, and shall be made as under execution, or by private sale through a receiver, if the court so order, and the proceeds thereof shall be returned into court and be partitioned among the persons entitled thereto, according to their respective interests."

The above statutes confer the right to compel partition in the broadest terms. There is no requirement for the showing of equitable grounds as a prerequisite to the exercise of the right, nor is there any provision that the right may be defeated by the showing of inequities. Article 6082 confers upon any joint owner or claimant of land the absolute right to demand segregation of his interest from that of his co-owner. 32 Tex. Jur., p. 162, sec. 17; 40 Am. Jur., p. 88, sec. 106; 47 C. J., p. 28, sec. 48; Caldwell v. Farrier, 248 S. W. 425; Williamson v. McElroy, 155 S. W. 998; Morris v. Morris, 45 Texas Civ. App. 60, 99 S. W. 872.

The above statute, Article 6082, was amended in 1917 by adding thereto the words "or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise." This amendment enlarges the purpose of the statute so as to give the right of partition not only to joint owners of real estate,

or of any interest therein, but as well to joint owners of any oil or gas lands, "whether held in fee or by lease or otherwise." 31 Tex. Jur., p. 567, sec. 34; Henderson v. Chesley, 116 Texas 355, 292 S. W. 156; Rolls v. Woods (Com. App.), 291 S. W. 532; Goodloe & Meredith v. Harris, 127 Texas 583, 94 S. W. (2d) 1141.

The rule which exists in some states to the effect that in order to dissolve a mining partnership by a decree in equity the bill must allege equitable grounds therefor (See Blackmarr v. Williamson, 57 W. Va. 249, 50 S. E. 254 (4 Am. Cas. 265), cannot prevail in this State, in view of the positive and all-inclusive terms of our statute.

Respondents cite and rely on a line of cases in which it is held that a partition suit under our statute is governed by the rules of equity in all things not expressly provided for in the statute. See Thomas v. Southwestern Settlement & Development Co. 132 Texas 413, 123 S. W. (2d) 290, 296. They also call attention to Revised Statutes Article 6106, which is a part of the title on partition, and provides as follows:

"Article 6106. No provision of this title shall affect the mode of proceeding prescribed by law for the partition of estates of decedents among the heirs and legatees, nor preclude partition in any other manner authoried by the rules of equity; which rules shall govern in proceedings under this title in all things nor provided for in this title." However, neither the above statute nor the cases relied on by respondents support their contention that equitable grounds must be shown as a prerequisite to the right to partition. Under the above statute and the authorities cited, equitable rules apply in determining *how* the property is to be partitioned, once partition is granted, but equitable principles are not material in determining whether or not the right of partition may be exercised.

It may sometimes be inequitable to one or more of the joint owners if another co-owner is permitted to enforce partition of the jointly owned property; but this is one of the consequences which one assumes when he becomes a co-tenant in land. If he does not provide against it by contract, he may expect his co-tenant to exercise his statutory right of partition at will.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered May 12, 1943.

Rehearing overruled June 9, 1943.