## CHAFFIN et al. v. HALL et al.

### No. 2633.

Court of Civil Appeals of Texas. Eastland.
Feb. 13, 1948.

Rehearing Denied March 26, 1948.

Klett, Bean, Evans & Justice, of Lubbock, for appellant.

Wagstaff, Harwell, Wagstaff & Alvis, of Abilene, for appellee.

GRAY, Justice.

This is a partition suit appealed from the District Court of Fisher County, Texas, and only a partition of the oil, gas and other mineral and lease rights is involved. The land is Section 86, Block 1, H. & T. C. Ry. Co. land in said county. Plaintiff Ellis A. Hall is the owner of an oil and gas lease, dated July 15, 1944, covering an un-

divided three-fourths (¾) of the said land. He is joined as plaintiff by Jennings B. Terrell, Sr., owner of the surface and an undivided one-fourth (¼) of the mineral rights. Other plaintiffs, E. V. Mitchell, Riley Maxwell, Alice Cullar, joined by her husband, G. M. Cullar, Willard Kidd, Joe B. Terrell, John L. Smith and Harold W. Colbert, are owners of fractional interests in the minerals, all of the plaintiff's owning a total of an undivided three-fourths (¾) of said minerals. The mineral interests of plaintiffs are subject to said lease held by Ellis A. Hall, which is in good standing by reason of the payment of all accrued delay rentals.

The defendant, Miss Myrtle Chaffin, is the owner of the remaining one-fourth (¼) interest in the minerals in and under said land, subject to an oil and gas lease in favor of defendant, Joe W. Grimes, which oil and gas lease is also in good standing. Defendant, the Federal Land Bank of Houston, holds a first mortgage lien on said section of land, which debt as of May 15, 1947, amounted to $4,515.90. Plaintiffs' petition stated that they did not desire a partition among themselves, and prayed that their joint interests be set aside to them in the proportion of their ownership; that said Ellis A. Hall lease be partitioned to cover the minerals so owned by them and that it be decreed that the plaintiffs own and hold jointly said minerals under said lease; that one-fourth (¼) of the minerals be set aside to defendant, Myrtle Chaffin, subject to said Joe W. Grimes lease. Defendants Chaffin and Grimes sought to resist any partition as prayed for by plaintiffs. The case was tried to the court without a jury, whereupon, plaintiffs were granted a judgment for partition, the court finding that the said mineral rights were susceptible of partition in kind. The court also found the various interests of the parties as set out in the petition, and appointed commissioners to make the partition, from which judgment, defendant Chaffin alone has appealed. The record includes a statement of facts.

This suit was brought under and by virtue of Article 6082, Revised Civil Statutes, which reads as follows:

"Any joint owner or claimant of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof in the manner provided in this chapter."

■ That plaintiffs were joint owners and in possession, or entitled to possession, is not questioned. They pleaded their ownership and all relevant facts, which were found by the court to be as alleged. They would, therefore, seem to be in position to "compel" a partition.

"The right of a joint owner or claimant of any estate to compel a partition thereof between the joint owners or claimant 'is recognized by our Statute in the broadest terms.'" 32 Tex.Jur. 160; Williamson v. McElroy, Tex.Civ.App., 155 S.W. 998; Morris v. Morris, 45 Tex.Civ.App. 90, 99 S.W. 872; Henderson v. Chesley, Tex.Civ. App., 273 S.W. 299, error refused.

"The right thus conferred upon the joint owner to have his interest in the common property segregated from that of the co-owner is absolute; the petitioner having alleged and the court having found all the facts necessary to entitle the plaintiff to a partition of the property, there is no authority in law to deny the partition merely because one of the joint owners is a minor and the court has concluded from the evidence that it is not to the best interest of such minor to have the property partitioned." 32 Tex.Jur. page 162, Sec. 17, citing Morris v. Morris, supra, and Olschewske v. Summerville, 43 Tex.Civ.App. 361, 95 S.W. 1.

■ The language of the statute is very clear and admits of no construction other than as given in the authorities cited above. Furthermore, we see no error in the judgment rendered by the trial court. Both the appellant and her lessee were before the court. Both the lease from appellant to Grimes and said undivided one-fourth mineral interest were before the court. No homestead rights were involved. No development of the land for oil and gas had been attempted. No immediate develop-

ment for oil and gas was contemplated. Plaintiff Ellis A. Hall testified without contradiction that he was a geologist; that he was well acquainted with said section of land and that he had found nothing to indicate that any acre of same was more favorable from a geological standpoint for oil and gas than any other acre. Such being an undisputed fact, it was the duty of the court to assume for purpose of partition, and we presume that he did so find; that each acre contains equal amounts of minerals for the purpose of partitioning the the surface, Henderson v. Chesley et al., 116 Tex. 355, 292 S.W. 156.

■ There is sharp controversy between the parties as to whether appellant has a possessory right in said one-fourth mineral interest. Appellant contends that she conveyed such possessory interest to her lessee and that now she has a possessory interest only in the one-eighth royalty reserved in the lease. Appellees insist that appellant still has a possessory interest in said minerals subject to said Grimes lease. The controversy seems to be concluded by the Supreme Court case of Stephens County et al. v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566, which held that an oil and gas lease had the effect of vesting in the lessee the title to the minerals comprehended in the lease. We understand that to be the settled law in Texas. Therefore, defendant Grimes is the owner of said minerals and entitled to possession, even though there be the possibility of a reverter. The royalty is purely contingent. If and when production is obtained, appellant will be entitled to her royalty. Production may or may not become a reality. But as stated above, said mineral interest, including the royalty, was before the court. The judgment extended to such interest and was binding on all the parties whatever might be their possessory rights, and independent of possible production in the future or forfeiture of said oil and gas lease. Plaintiffs showed themselves entitled to have their lease and mineral interests segregated and set over to them. Transactions between appellant and her lessee did not defeat the right of plaintiffs to have partition.

"The object of partition proceedings is to enable those who own property as joint tenants or coparceners or tenants in common to end the tenancy and allot to each his part of the property, and 'partition' and 'cotenancy' are used by the Legislature to include all the forms of tenancy." 32 Tex. Jur. page 164, Section 18; Caldwell v. Farrier, Tex.Civ.App., 248 S.W. 425.

The judgment of the trial court is affirmed.

### On Motion for Rehearing

■ Appellant has filed a very interesting motion for rehearing in the above cause, covering substantially the same contentions made on original submission and alleging error in our holdings as to several of them, one of which is, that since appellant owned only a royalty interest in an undivided one-fourth of the minerals, which interest was nonpossessory, appellees could not compel a partition as against her. As pointed out in our original opinion, such interest was a royalty, contingent on production under a lease which she had executed to defendant Grimes. We held in our original opinion that whatever possessory rights appellant previously had, was conveyed to Grimes in said lease, who held same subject to performance of the condition of the lease. Therefore, appellant could not compel a partition, neither was she in position to defeat a partition. However, appellees very wisely made her a party defendant along with Grimes who held the lease. Thus the said undivided one-fourth interest was before the court and the judgment for partition was binding on both appellant and Grimes, irrespective of which of them was entitled to possession. It is not denied that partition could be had as to the Grimes lease. It certainly would not be consistent to hold that such partition could not reach and bind any royalty interest incident to the lease.

Appellees were entitled to a complete and effective partition. It is not difficult to envision the confusion that easily could result from partitioning the lease, but allowing appellant to retain a "spread" over the entire section. The purpose of partition is to segregate ownership and to allow to

each owner the free use, control and possession of the interest set apart to him to the exclusion of all other former joint owners. Otherwise, there would be no statutory partition. Furthermore, should we hold as contended by appellant, such holding would place it within the power of appellant to defeat or postpone a partition indefinitely by the simple expedient of renewing or extending the existing lease, or by executing a new one. It would contravene and render ineffective Article 6082, which provides that, any joint owner or claimant "may compel a partition," and contravene the construction thereof by the courts.

Appellant further contends that it would be inequitable to her to segregate her royalty interest. It might be argued in reply that not to segregate it would be very inequitable to appellees. In the Supreme Court case of Moseley v. Hearrell et al., 141 Tex. 280, 171 S.W.2d 337, 338, opinion by Chief Justice Alexander, the Court had under consideration Article 6106, together with Articles 6082 and 6096. In construing said statutes the court said:

"The above statutes confer the right to compel partition in the broadest terms. There is no requirement for the showing of equitable grounds as a prerequisite to the exercise of the right, nor is there any provision that the right may be defeated by the showing of inequities. Article 6082 confers upon any joint owner or claimant of land the absolute right to demand segregation of his interest from that of his co-owner. 32 Tex.Jur. p. 162, § 17; 40 Am. Jur. p. 88, § 106; 47 C.J. p. 28, § 48; Caldwell v. Farrier, Tex.Civ.App., 248 S.W. 452; Williamson v. McElroy, Tex.Civ.App., 155 S.W. 998; Morris v. Morris, 45 Tex. Civ.App. 90, 99 S.W. 872.

"The above statute, Article 6082, was amended in 1917 by adding thereto the words 'or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise.' This amendment enlarges the purpose of the statute so as to give the right of partition not only to joint owners of real estate, or of any interest therein, but as well to joint owners of any oil or gas lands, 'whether held in fee or by lease or otherwise.' 31 Tex.Jur. p. 567, § 34; Henderson v. Chesley, 116 Tex. 355, 292 S.W. 156; Rolls v. Woods, Tex.Com. App., 291 S.W. 532; Goodloe & Meredith v. Harris, 127 Tex. 583, 94 S.W.2d 1141."

Upon construing Article 6106, the Court concludes:

"It may sometimes be inequitable to one or more of the joint owners if another co-owner is permitted to enforce partition of the jointly owned property; but this is one of the consequences which one assumes when he becomes a co-tenant in land. If he does not provide against it by contract, he may expect his co-tenant to exercise his statutory right of partition at will."

■ As pointed out in the original opinion and agreed to by appellant, appellant has only a contingent royalty interest, if and when production is obtained, and a contingent reversionary interest in the minerals. Oil and gas when produced and severed, become personal property. As owner of a royalty interest, she is not a joint owner or claimant of an interest in the land, and therefore, not in position to prosecute or defeat a suit for partition. However, if the possibility of a reverter gives her an interest in the land, she would have a possessory right along with other joint owners.

■ Appellees, in their petition, prayed, and the court granted a partition as to the two leases and a segregation of the mineral interests to correspond. Under the decree, as well as under the lease, appellant would receive her royalty, if any, from the one-fourth of the section allotted to Grimes. Appellees would be limited in their royalty, if any, to the three-fourths of the section allotted to Hall. Appellees would be excluded from participating in any production from the Grimes lease and vice versa. But we cannot conceive of a court granting a partition as to the leases and a "spread" as to what the leases produced. To grant a "spread" would be tantamount to a finding that the mineral interests were not susceptible of partition in kind and a sale of the minerals and distribution of the proceeds according to ownership would be indicated.

In the motion for rehearing, appellant discusses "joint owner," "joint tenancy," "co-tenancy" and "right of possession," the

elements of joint tenancy and concludes that "the lessor and lessee under the mineral lease are not co-tenants with each other, there being no unity of possession." We deem it unnecessary to discuss the matters mentioned further than to say that said lessor and lessee were defendants in the suit and whatever may have been their relationship, the right of plaintiffs to sue for partition was not affected thereby. It will be recalled that the right to partition, Article 6082, is conferred upon "any joint owner or claimant of land," and "the above statutes confer the right to compel partition in the broadest terms." Moseley v. Hearrell, supra. We have only to look to the statute itself to determine who may sue for partition. The relationship of the defendants as between themselves is of little materiality. The plaintiffs were fully qualified under the statutes to sue, being joint owners, which is not questioned. The court found as to the specific interest owned by plaintiffs in the said minerals, subject to the Ellis A. Hall lease, and that appellant owned an undivided one-fourth mineral interest, subject to her lease to Grimes. All owners or claimants were before the court.

The motion for rehearing is overruled.