## CLARA MORRIS ET AL. v. C. M. MORRIS ET AL.

### Decided January 18, 1907.

**1.—Right of Partition—Minor—Discretion of Court.**

The joint owner of property has an absolute right to have his interest therein segregated from that of his co-owner. The court has no discretion in the matter, and the fact that one of the joint owners is a minor, and in the opinion of the court a partition of the property would be prejudicial to the interests of such minor, is immaterial.

**2.—Same—Suit by Next Friend.**

Any minor who has a cause of action and has no legal guardian can bring suit by next friend, and such next friend shall have the same rights concerning the suit and the matter involved as if he were the legally appointed guardian.

**3.—Business Homestead—Abandonment.**

When a business homestead ceases to be used as a place of business by the head of a family it loses its homestead character and is subject to partition.

Error from the District Court of Cherokee County. Tried below before Hon. James I. Perkins.

*Willson & Watkins,* for plaintiffs in error.

*McClure, Whitman & Lloyd,* for defendant in error.

PLEASANTS, Associate Justice.—This is a suit for partition brought by Mrs. Clara Morris for herself and as next friend of her infant child, Henry Louie Morris, against the defendants in error, the subject matter of the suit being real estate situate in Cherokee County. The petition is in proper form and correctly describes the property sought to be partitioned, all of which is alleged to be owned by the plaintiffs and defendants and the interests owned therein by each of the parties to the suit is correctly stated. Plaintiff claims for herself a life estate in an undivided one-sixth (1-6) of a portion of the property and an undivided one-twelfth (1-12) of the remainder, and for her minor child an undivided interest in fee in the whole property.

To this petition the defendants filed the following plea in abatement:

"Now comes the defendant and moves the court that this cause abate, for the reason that the petition filed by Mrs. Clara Morris shows upon its face that said Mrs. Clara Morris seeks to prosecute this suit as next friend and mother of the minor, Henry Louie Morris. That said Henry Louie Morris is a minor about ten months old, and is incapable of bringing or directing a suit in any way. That this is a suit for partition of land and can only be prosecuted by a legally appointed guardian of said minor, under the direction of the court. The said plaintiff, Mrs. Clara Morris, has no right to sue in this case for an undivided life estate in said property. That this suit being prosecuted in the way it is done is without the authority of any court, or by any person directed by said minor, or responsible to said minor for any damage that may be occasioned herein.

"Wherefore defendants pray the court that this suit abate for the want of proper parties, unless the same be prosecuted by a guardian or some person that can be held responsible herein."

They further answered by general denial and various special pleas, among which was a plea of homestead as to a portion of the property sought to be partitioned, and also the following:

"Defendant says that it will not be to the interest of said minor, Henry Louie Morris, and this defendant to partition and divide any of the lots mentioned in plaintiff's petition; that all of said lots are in the town of Jacksonville, at this time a growing, thriving, prosperous town, and said lots are increasing in value; that to partition and divide said lots at this time will be an irreparable injury and damage to this defendant and said minor.

"That at this time there is no guardian of the estate of said minor, Henry Louie Morris, or any other person responsible to said minor for the injury and damage that may be done said minor by a partition of all or any part of said property.

"That she believes and so charges that this suit is instigated and prosecuted by one ——— Green, the father of plaintiff Mrs. Clara Morris, who is wholly an irresponsible and insolvent man, and for the purpose to get control of the property of said minor for his own use

and benefit and that it will be squandered and wasted and said minor never receive any benefit of said property.

"That Jacksonville, the town in which said lots are situated, is a thriving, growing, prosperous town, and said property increasing in value and will increase in value much more. That in her opinion said lots and property is not such as can be partitioned and will have to be sold and the proceeds divided as provided by law, and defendant charges and says that by the sale of said lots said minor and this defendant will suffer an irreparable injury and damage."

The plea in abatement was overruled. The trial upon the merits was by the court without a jury and resulted in a judgment in favor of defendants denying plaintiffs a partition of the property.

The conclusions of fact and law filed by the trial court, which are pertinent to the issues presented on this appeal, are as follows:

"1. That the property described in plaintiff's petition and of which they seek a partition, is owned by the parties plaintiff and defendant in the parts and proportions, undivided, mentioned in said petition; and that the relationship of the parties is as stated in said petition.

"2. That the property described in said petition as lot number 9, and part of lot number 10, in block number 136, in the town of Jacksonville, was not after the death of the husband of the defendant Mrs. C. M. Morris, used as the place of business of the head of her family, but that the same was after her husband's death rented out to tenants, and the rents and revenues therefrom distributed among the owners of said property according to their respective interests therein.

"4. That the plaintiff, Henry Louie Morris, is a minor and at the date of the institution of this suit was only a few months old.

"5. That the property described in plaintiff's petition is not susceptible of a partition without a sale of said lot number 9, and part of lot number 10, on which a brick store house is situated; that this property is bringing a good revenue and reasonably will continue to bring a good revenue. That the revenue from this property, to wit, $75 per month, since the death of the husband of plaintiff Mrs. Clara Morris, has been collected by the defendant, Mrs. C. M. Morris, and one-half thereof, to wit, the sum of $37.50, has been by her each month as so collected paid over to said plaintiff, Mrs. Clara Morris.

"6. That it is not to the interest of the minor plaintiff, Henry Louie Morris, to have the partition as prayed for made."

"My conclusions of law on the foregoing findings of fact are as follows:

"1. That said lot number 9, and part of lot number 10, in block number 136, at the time of the institution of this suit was not the homestead nor any part of the homestead of the defendant, Mrs. C. M. Morris.

"2. That the property described in plaintiff's petition and no part of the same should be partitioned.

"3. That the defendants should go hence without day and that judgment for the costs incurred in this suit should be entered in their favor against the plaintiffs."

The property sought to be partitioned consisted of various lots in the town of Jacksonville, in Cherokee County, and a tract of 87½ acres of

land about four miles from said town. A part of the property was community property of the defendant, C. M. Morris, and her deceased husband, H. L. Morris, and it is conceded by appellants that lots 3, 4, 5 and 6 in block 152 was the homestead of C. M. Morris and her deceased husband and is now used by her as such and is therefore not subject to partition.

Under appropriate assignments of error plaintiff assails the judgment of the trial court upon the ground that the petition having alleged and the court having found all the facts necessary to entitle plaintiff to a partition of the property there was no authority in law to deny the partition merely because one of the joint owners was a minor and the court concluded from the evidence that it was not to the best interest of such minor to have the property partitioned.

We think the assignments should be sustained. The right of a joint owner of property to have his interest therein segregated from that of his co-owner is recognized by our statute in the broadest terms. Article 3606, Revised Statutes, provides: "Any joint owner or claimant of any real estate or of any interest therein may compel a partition thereof between the other joint owners or claimants thereof, in the manner provided in the succeeding articles of this chapter." The articles referred to in the above provision prescribe the requisites of the petition in suits for partition and the method and manner in which the partition shall be had, but contain no restriction upon the right of the joint owner to compel a partition. By the language of the statute above quoted the right is given to the owner of any interest in any estate, and this manifestly includes the owner of a life interest, as was held by Judge Stayton in the case of Tienan v. Baker, 63 Texas, 641. The trial court finds that plaintiff was the owner of the interest in the property claimed by her and that the defendant owned the remainder, and the right to partition is denied solely upon the ground that in the judgment of the court it would not be to the best interest of the minor to have the partition made.

Defendants in error contend that under article 3498v of the statute the trial judge was required to consider the interest of the minor, and if in his opinion it was against the minor's interest to partition the property judgment was properly rendered against the plaintiff. Article 3498v is as follows: "Such next friend or the attorney of record of such minor may enter into such agreed judgment or compromise in such suit as the court may approve, and the decree entered upon such agreement or compromise, when approved by the court, shall be forever binding on said minor, and can divest title out of the minor or vest it in him when the court is satisfied such decree is for the best interest of the minor, under all the circumstances; and the court may hear evidence touching upon such agreement or compromise before approving same."

It is clear that this statute has no application in the present case and refers only to compromise or agreed judgments rendered in suits brought by a minor through a next friend. In such case it is made the duty of the court to see that the agreement or compromise is not to the disadvantage of the minor, but no power is given the court to deny any party to such suit the relief to which he shows himself entitled under the law merely because the interest of a minor might be promoted by

such refusal. Plaintiff can not be compelled to continue to hold her life interest in the property jointly with the defendants on the ground that it is better for the minor that it be so held.

Our conclusion being that plaintiff in her own right as the owner of a life estate in an undivided portion of the property was entitled to enforce partition, it is unnecessary to decide the question of whether in a suit for partition brought by a next friend of a minor the court would be authorized to refuse to decree partition on the ground that it was to the best interest of the minor that the property be not partitioned, but we are of opinion that such contention can not be sustained. Article 3498u of the Revised Statutes provides, in substance, that any minor who has a cause of action and has no legal guardian can bring suit by next friend and such next friend shall have the same rights concerning the suit and the matter therein involved as if he were the guardian of such minor. It can not be doubted that in a suit for partition brought by a guardian the court in which such suit was brought would not be authorized to refuse a decree of partition solely on the ground that in the opinion of the judge it would not be to the interest of the minor to have the property partitioned, and by the terms of the statute above referred to the next friend of a minor in a suit brought by him has all the rights and powers of a legally appointed guardian.

The provisions of our statutes for protecting the interest of minors by the appointment of guardians and the administration of their estates in the County Courts are ample, and the fear of the defendants in this case that the property of the minor plaintiff if set aside to him in this suit will be squandered can hardly be realized if the means provided by law for its protection are invoked; at any rate, such fear on the part of the defendants furnishes no ground for the refusal of the court to order a partition of the property in accordance with the provisions of the statute governing such proceedings.

What we have said disposes of the first cross assignment presented by defendant in error complaining of the action of the trial court in overruling the plea of abatement.

By their second cross assignment defendants assail the conclusion of the trial judge that the business property situate on lots 9 and 10 in block 136 in the town of Jacksonville was not a part of the homestead of the defendant, C. M. Morris. There was no error in this ruling and the assignment can not be sustained. The court found upon an agreed statement of facts signed by the plaintiff and defendants that the property was not now used as a place of business by Mrs. Morris and had not been so used since the death of her husband, but had been rented continuously since that time. When its use as a place of business for the head of the family ceased its homestead character was lost and it became subject to partition.

For the reasons above indicated the judgment of the court below is reversed and the cause remanded with instructions to the trial court to proceed to partition the property, except the homestead before described, in accordance with the provisions of the statute and rules of law prescribed for such proceedings.

Reversed and remanded with instructions.

*Reversed and remanded.*