### BAKER et al. v. JOHNSON et al.
### No. 4401.

Court of Civil Appeals of Texas. Texarkana.
Oct. 26, 1933.

Rehearing Denied Nov. 23, 1933.

Riley Strickland and R. S. Wyche, both of Longview, and P. O. Beard, of Marshall, for plaintiffs in error.

Young, Stinchcomb & Kenley and Harvey P. Shead, all of Longview, for defendants in error.

LEVY, Justice (after stating the case as above).

The main question in the case, as both parties consider it, is whether upon the death of R. A. Baker, he having no child, one-half of the property in suit vested in fee in Mrs. Lula May Johnson, his surviving wife. Article 2571, R. S., reads:

"Where any person having title to any estate of inheritance, real, personal or mixed, shall die intestate as to such estate, and shall leave a surviving husband or wife, the estate of such intestate shall descend and pass as follows: * * *

"2. If the deceased have no child or children, or their descendants, then the surviving husband or wife shall be entitled to all the personal estate, and to one-half of the lands of the intestate, without remainder to any person, and the other half shall pass and be inherited according to the rules of descent and distribution; provided, however, that if the deceased have neither surviving father nor mother nor surviving brothers and sisters, or their descendants, then the surviving husband or wife shall be entitled to the whole of the estate of such intestate." ·

Further, article 2578, R. S., defines the rights of husband and wife, as follows:

"Upon the dissolution of the marriage relation by death, all property belonging to the community estate of the husband and wife shall go to the survivor, if there be no child or children of the deceased or their descendants; but if there be a child or children of the deceased, or descendants of such child or children, then the survivor shall be entitled to one-half of said property, and the other half shall pass to such child or children, or their descendants."

This last provision of the statute likewise yields, and has not application, where the husband by will otherwise specially devises his share of one-half of the community property. It is allowable to the husband by last will and testament to devise his one-half interest in the community estate. Article 8282,

R. S.; Sutton v. Harvey, 24 Tex. Civ. App. 26, 57 S. W. 879, and other cases. These several acts mentioned speak plainly and there is no room for construction, of the acquisition of title by the surviving wife of one-half of the entire separate or individual property, as well as the one-half of the entire common property of the community, held and owned upon the death of the husband, if, as here, there be no child of the deceased husband. Looking then to the will of the husband, R. A. Baker, which was duly probated, there appears the general import and scope of a devise: First, the absolute title in fee to Cleve Brown of 100 acres off the west end of a 320-acre tract "purchased by me before my marriage"; second, a life estate to "my beloved wife Lula May Baker" with remainder in fee simple "to my beloved brothers and sisters" in "my separate estate, both real and personal, except" (the money named); third, bequeathing to certain named brothers and sisters "any money that I may die possessed of in my separate right." There is no need for judicial construction and interpretation where the intention is expressed in the will in clear and unequivocal language. The purpose of construing and interpreting a will is to ascertain the intention of the testator as expressed in the will where an uncertainty of sense is apparent in which words in a particular clause were used. As found in the will, the first-mentioned tract of land consisting of 320 acres was described by the testator as being "purchased by me before my marriage." There is no uncertainty of terms descriptive of the character of such real property. There is no apparent uncertainty of the sense in which these words were used. They have the force and effect of technical words, and the court can plainly tell what is meant, of identifying the land devised as the separate or individual property of the testator held "before my marriage." But in the next following clauses the testator used the general words, "my separate estate," "in my separate right." If the words used should be deemed to have been used by the testator in the intention of applying only to property held "before my marriage," and independently of the wife, then the words used should be taken in their proper legal signification. Where a phrase has a clear, definite, and settled meaning, at law it is to have the same meaning in the construction of a will. But the words "separate estate" may not necessarily be considered as used and intended to be used by the testator in the sense and in the legal signification only, of property classed by law as separate property, as distinguished from the common property of the marriage. The testator did not say my "said separate estate" or "my separate estate of 320 acres" specifically referring to the land previously described as "purchased by me before my marriage." If he had used the words

mentioned, then no doubt or uncertainty of his intention would appear. The words as used by the testator may be applicable indifferently to any lands or interest in lands which may be owned individually and independently by the testator as well as property in which he has a share or portion. The cardinal rule in the construction and interpretation of wills is that the intention of the testator must be ascertained if possible, and in determining the intention the court may look to circumstances at the time of the execution of the will. Kostroun v. Plsek (Tex. Com. App.) 15 S.W.(2d) 220. In this view the circumstances of the case show the testator held and owned at the time of the will and at the time of his death one tract of land only acquired before marriage, which was the 320 acres, and several pieces of land and money, which was acquired during marriage as common property. The testator evidently had in view, as the subject of his bounty, a right of property in which he was vested entirely in separate and independent ownership as well as property and money he was entitled to have and to require divided in severance from others within the limits prescribed by law. The words "my separate estate" and "in my separate right," as used by the testator, was tantamount to saying his property held in separate and independent ownership from his wife and also his own part or share of the common property of the marriage and not the one-half of his wife. The words "my separate estate" were used in the same sense and signification as the words "in my separate right." The term "separate" is commonly used with reference to things which are united and are to be divided or separated from the rest. It is concluded that the will should properly be construed as disposing of both the testator's interest in the 320 acres and of his one-half of the entire community property, and not to dispose of his wife's part of the common property. The wife was vested under the terms of the will with a life estate in the 220 acres of the 320-acre separate tract, and also a life estate in the husband's one-half of all the common real property of the marriage. It was agreed and found by the court that the 320 acres was all and entire the separate and independently owned land of R. A. Baker, the husband. It is here expressly observed that there is not involved in this suit the condition in the will as to marriage, and the decision and the judgment on appeal is without prejudice to such condition in the will. It is not intended to adjudicate that the devise has or has not terminated by marriage of Mrs. Lula May Baker.

It may be here observed that the doctrine of election would not have application to the present case, because the testator did not attempt to make disposition of the entire community property. It is only when under

terms of a will to accept would be inconsistent with the legal rights of the wife that she is put upon her election to take under the will or claim under the law. Speer on Marital Rights in Texas (3d Ed.) § 323, p. 399.

The judgment is reversed and here rendered adjudging the defendant in error Mrs. Lula May Johnson to have under the will a life estate in the 320 acres, and in R. A. Baker's one-half of all the community real estate, with remainder in fee to the plaintiffs in error. The defendants in error, Mrs. Lula May Johnson and T. H. Johnson, to pay costs of the appeal and of the district court.