**JOHNSON et ux. v. BUSSEY et al.**

No. 4933.

Court of Civil Appeals of Texas. Texarkana.

May 14, 1936.

Rehearing Denied June 18, 1936.

Shead & Smith, and Wynne & Wynne, all of Longview, for appellants.

P. O. Beard, of Marshall, Riley Strickland, of Amarillo, and R. S. Wyche, of Longview, for appellees.

JOHNSON, Chief Justice.

This suit was filed by appellees, Will Bussey and others, against T. H. (Cyclone) Johnson and his wife, Lula May Baker Johnson, appellants, seeking a partition of certain lands and personal property described in the petition, being the same property the title to which was decreed by a judgment rendered in this court in appeal No. 4401, opinion reported in Baker v. Johnson, 64 S.W.(2d) 1037.

The case was tried before the Honorable Cecil Storey, special judge, and judgment entered. T. H. Johnson and wife, Lula May Baker Johnson, have appealed.

■ Appellants' first proposition asserts that the record reflects fundamental error in that the case was tried before Cecil Storey as special judge, elected by the practicing lawyers present in court, and, it is contended, the record affirmatively shows that Storey himself was not present when so elected. Article 1887, R.S., provides: "Should the judge of a district court on the first or any future day of a term, fail or refuse to hold the court, the practicing lawyers of the court present may elect from among their number a special judge who shall hold the court and proceed with the business thereof."

Appellants make the specific contentions: (1) That the attorney to be eligible for election as special judge under authority of the above statute must himself be present at the time he is elected; (2) that this record shows on its face that Honorable Cecil Storey was not present when he was so elected; therefore (3) it is contended, that the trial had to, and the judgment rendered by, Cecil Storey as presiding judge was without authority and void. The second contention above stated presents a question of fact, which we do not think is affirmed by the record before us. Therefore, the first and third contentions will only be discussed in connection with determination of the second. The record recites:

"On this the 10th day of September, A. D. 1934, in the City of Longview, County of Gregg, State of Texas, the Hon. Will C. Hurst, Judge of the 124th Judicial District of Texas, failed to appear to hold Court. Thereupon, the Sheriff of Gregg County made proclamation at the Court House door that the election of a Special Judge of the Court was about to be made by the practicing lawyers present. The Clerk of the Court then made a list of the practicing lawyers present, to-wit: Harvey Shead, Riley Strickland, P. O. Beard, M. Neal Smith, H. P. Smead, John Porter, Clayton Orr, Harry O. Cowing, Jr., S. J. Dotson, Charles Humphries, Geo. Gilbert, Robt. E. Mitchell, E. H. Murphy.

"Such lawyers then organized, electing Robt. E. Mitchell, Chairman. Such Chairman directed the voting to proceed and each of such lawyers voted by ballot, and Cecil Storey was elected Special Judge by a majority of 13–0. 13 votes being polled for the said Cecil Storey, and no votes for ——. Thereupon the Clerk of the Court duly administered to the said Cecil Storey the oath prescribed by law for a Special Judge."

Immediately following that portion of the record above quoted is the record of the required oath, duly subscribed and sworn to before the district clerk, on the same date of his election, and the transcript further recites, the same date, "the holding of the term of Court began, Hon. Cecil Storey, Special Judge, presiding," and this cause was reached and its trial was begun, the judgment reciting: "On the 10th day of September, A. D. 1934, came on to be heard the above styled and numbered cause, and the plaintiffs and defendants, having appeared in person and by their attorneys, announced ready for trial, and a jury having been waived, all matters of fact as well as of law were submitted to the court, and the court, after having overruled all demurrers and exceptions as set out in defendants' answers and in plaintiffs' supplemental petition, proceeded to hear the pleadings and the evidence on the merits of the case, and after having concluded the evidence and argument of counsel, the court took said case under advisement with the consent of all parties. * * *"

Digressing, it is here noted that appellants, by their attorneys representing them in the trial court, not only voluntarily submitted the trial and decision of their cause to Special Judge Storey, without objection

to his election and authority, but that they participated in the election of and actually voted for him as such special judge.

It is true, as contended by appellants, the name of Cecil Storey does not appear in the list of lawyers present as recorded by the clerk. But article 1888, providing who shall be entitled to participate in such election, does not make it mandatory that each practicing lawyer present shall participate or vote in said election. And article 1891 in providing what particular facts of the election shall be by the clerk entered upon the minutes only requires, among other facts, to be recorded, the names of all the practicing lawyers present and participating in such election. Therefore the fact that Storey's name is not among those recorded by the clerk does not affirmatively establish as a fact that he was absent when elected, nor does it exclude the inference that he may have been present, within the definition of that word, meaning "ready at need"—Century Dictionary. The statute does not require the party elected to be "in the court room" at the time he is elected. To prevent delay or failure in opening and holding the term of court is the purpose of the statute in requiring the one elected to be present, in the sense of that word as above defined, that he may promptly take the oath of office and proceed to despatch the business of the court. That Storey was so present when he was elected is further reflected by the record, immediately following that of his election, "Thereupon, the Clerk of the Court duly administered to the said Cecil Storey the oath prescribed by law for a special judge." "Thereupon" is defined to mean "immediately after that; without delay"—Century Dictionary. So the record as above indicated affirmatively reflects that Storey was present within the meaning of that word as used in the statute, that he immediately took the oath of office, and without delay proceeded with the business of the court. In this we think the record of Judge Storey's election meets all requirements of law, Article 1892, providing: "The record of such proceedings, substantially complying with the requirements of the law, shall be conclusive evidence of the election and qualification of such special judge."

■ Under their propositions 2 to 6, inclusive, appellants, as fundamental error, challenge the authority of Judge Storey as special judge to extend the term of court, which he did, for the purpose of completing the trial of the case. It is contended that the term of office of a special judge expires at the end of the term of court at which he was elected, and that Judge Storey's action in extending the term of court to complete the trial of the case was without authority of law and void. It is true, as pointed out by Judge Latimer in Carroll v. State, 104 Tex.Cr.R. 11, 282 S. W. 233, that in the 1925 revision of our statutes, the codifiers did not specify the powers and duties of a special judge, nor when his term of office should end. But article 1887 does provide that he "shall hold the court and proceed with the business thereof." By which we think it is plainly meant to vest the special judge with the same powers and to impose upon him the same duties, in the discharge of that command, as a regular judge, and that his regular term of office ends when the necessity therefor ceases. Therefore it is concluded that Cecil Storey, as special judge presiding, had the same power to extend the term of court to complete the trial of the case as is vested in a regular judge by article 1923, providing: "Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial."

■ Appellants make the further contention that at the time the extension orders were made and at the time the judgment was rendered, the regular judge had returned and was holding court, by reason of which the special judge was without authority to complete the trial and render the judgment in this cause.

The only facts in the record evidencing the return of the regular judge to the court is that he joined the special judge in signing the draft of the orders extending the term of court to complete the trial and dispose of this cause. Assuming that is sufficient to show that he was present and holding court at the times complained of by appellants, we do not think the return of a regular judge will have the legal effect to oust jurisdiction of the special judge to complete the trial of the case in which he is then engaged, or divest him of authority to hear motions, or to do such other things as are necessary to make orderly disposition of the matters which have been undertaken by him. In the facts here shown, the

trial was being had to the court without a jury; most, if not all, the evidence had been heard at the time of the return of the regular judge. It could not reasonably be contended that the regular judge could properly proceed with the trial and render judgment upon the facts heard only by the special judge. Therefore to hold that jurisdiction of the special judge ceased, as a matter of law, regardless of circumstances, upon return of the regular judge would not only result in confusion, but also injustice, a waste of time, and unnecessary expense to the litigants as well as to the state. Procedure of our courts is intended to be practical and orderly that justice may be done, hence we do not think the return of a regular judge ousts jurisdiction of the special judge to do those things necessary to an orderly and complete disposition of the matters which he has undertaken. See Dodrill v. Jenkins (Tex.Civ.App.) 40 S.W. (2d) 981.

■ Appellants' propositions 7 to 12, inclusive, raised by their first and second assignments of error, complain of that part of the judgment of the trial court decreeing: "That said defendants (appellants) Lula May Johnson and T. H. Johnson, out of their own funds, are liable to plaintiffs (appellees) above mentioned for the sum of $2500, being plaintiffs' (appellees') interest in the liberty bonds used by defendants (appellants) * * *"

Appellees object to the consideration of these assignments of error because, it is contended, they were not assigned in appellants' motion for new trial. We think the matters here complained of were sufficiently raised in the third assignment contained in appellants' motion for new trial, if such was necessary. But the matters complained of having once been presented to and passed upon by the trial judge in the trial of the case, it was not necessary to procure a second ruling thereupon by means of a motion for new trial. Phillips Petroleum Co. v. Booles (Tex.Com.App.) 276 S.W. 667; Egan v. Lockney Farmers' Co-Op. Soc. (Tex.Com.App.) 284 S.W. 937; Loden v. Carothers (Tex.Civ.App.) 85 S. W.(2d) 291; R.S. art. 1844, as amended by Acts 1931, c. 75, § 1 (Vernon's Ann.Civ.St. art. 1844).

The "liberty bonds" referred to in the judgment above mentioned were United States Treasury Savings Certificates in the amount of $5,000 registered as being payable to R. A. Baker, or Mrs. R. A. Baker (Mrs. R. A. Baker being appellant Mrs. Lula May Baker Johnson). The United States Treasury paid the $5,000 to Mrs. R. A. Baker after the death of her husband, R. A. Baker, on surrender by her of the certificates in 1927 and 1928. It is the contention of appellees that the certificates constituted a part of the community property of R. A. Baker and his wife, Mrs. R. A. Baker (appellant Lula May Baker Johnson), and that under the terms of his will she is liable to appellees (legatees under the will of R. A. Baker, deceased) in the amount of $2,500, one-half the value of the certificates, for conversion thereof. Appellants contend that the certificates were the separate property of appellant Mrs. Lula May Baker Johnson, and that the manner of their registration evidences the intent of Mr. R. A. Baker to give the certificates to her in the event she survived him, or decided to cash them at any time, and that such intent to constitute the certificates the separate property of Mrs. Baker is further evidenced by the fact that they were not mentioned by R. A. Baker in his will, whereas he did mention and dispose of his money, and the same had been fully administered and distributed by the executor of his will without any claim being made by him upon Mrs. Baker for the savings certificates.

■ It is further contended by appellants that appellees' claim, if any they had, against Mrs. Lula May Baker Johnson for the conversion of or to account for the savings certificates was adjudged adversely to appellees in the previous suit between appellants and appellees, being cause No. 7439 in the district court of Gregg county and appeal No. 4401 in this court, opinion reported in Baker v. Johnson, 64 S.W.(2d) 1037. In which cause, it appears, appellees (defendants in said cause) by their cross-action sought judgment against appellants (plaintiffs in said cause) not only for their interest in the land, but also for the specific claim which they here present for their alleged interest in the savings certificates. The judgment of the trial court in said cause was adverse to defendants (appellees here), and they appealed to this court. The judgment of this court reversed the judgment of the trial court and rendered judgment in favor of appellees (appellants in said cause) for title to a part of the land and for an undivided interest in other portions of the land described. The judgment of this court became final. Subsequently, this, a new cause of action, was filed in

the district court of Gregg county by appellees as plaintiffs against appellants as defendants seeking a partition of the land and to recover of appellants for their alleged undivided interest in the savings certificates. Appellants pleaded the judgment of the trial court in said cause No. 7439, and the judgment rendered on appeal by this court, No. 4401, Baker v. Johnson, 64 S.W.(2d) 1037, as res adjudicata and in bar of appellees' claim for the savings certificates. We believe that appellants' contention is well taken. The judgment of this court in said former cause reversing the judgment of the trial court and disposing of the case by rendering judgment specifically vesting title in appellees (here) for certain interest in the real estate involved, does not in express terms dispose of the issue therein raised in respect to the savings certificates. So the judgment of this court must necessarily be construed in support of its finality as having disposed of, by implication, appellees' claim, there presented for one-half the savings certificates. Trammell v. Rosen, 106 Tex. 132, 157. S.W. 1161, and that such judgment is conclusive against appellees' right to assert the same issue in this cause. Stephenson v. Miller-Link Lbr. Co. (Tex.Com. App.) 277 S.W. 1039.

 Appellants' propositions 13 and 14 complain that the judgment in the present case is not final and is without pleadings to support it, in that it appears on its face that the judgment failed, and the trial court refused to partition or to in any other manner as required by law dispose of the mineral interests in the land owned jointly by appellees and appellants.

The judgment finds that the plaintiffs and the defendants are the joint and sole owners of the property sought to be partitioned and decrees their respective interests therein, including the minerals thereunder, and orders the land (surface) partitioned in kind, "but that the mineral interests shall remain undivided." This is contrary to the pleadings, which contain the usual allegations and prayer for partition, and expressly pray: " * * * and that in the event any of said properties are incapable of partition that same be ordered sold in accordance with the law provided in such cases. * * *"

Article 6082, R.S., provides: "Any joint owner or claimant of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof in the manner provided in this chapter."

Article 6087, provides: "The court shall determine before entering the decree of partition whether the property, or any part thereof, is susceptible of partition; and, if the court determines that the whole, or any part of such property is susceptible of partition, then the court for that part of such property held to be susceptible of partition shall enter a decree directing the partition of such real estate."

Article 6096 provides: "Should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, can not be made, it shall order a sale of so much as is incapable of partition."

It is held that any cotenant may demand partition as a matter of right. Caldwell v. Farrier (Tex.Civ.App.) 248 S.W. 425; Morris v. Morris, 45 Tex.Civ.App. 60, 99 S.W. 872.

We think under the pleadings and the law it was error not to partition all the property, including the minerals thereunder, capable of partition, and that part, if any, found incapable of partition in kind should be ordered sold and the proceeds partitioned.

The judgment of the trial court is reversed, and the cause remanded.