**LAMAR–DELTA COUNTY LEVEE IMP. DIST. NO. 2 v. GORDON.**

No. 5867.

Court of Civil Appeals of Texas. Texarkana.

Dec. 18, 1941.

Rehearing Denied Jan. 15, 1942.

C. C. McKinney, of Cooper, and Jackson & Stell, of Sulphur Springs, for appellant.

R. E. Eubank, of Paris, for appellee.

HALL, Justice.

Appellant is a body corporate organized, as its name implies, for the purpose of reclaiming certain farm lands adjacent to Sulphur River located in Lamar and Delta Counties. It instituted this suit in the District Court of Lamar County in 1938 for delinquent taxes, penalty and interest alleged to be due it for the year 1936 by Henry Gordon, appellee. Later by amendment, the taxes alleged to be due by appellee for the years 1937, 1938 and 1939 were included in the suit. Appellee answered with general denial, and also set up a final judgment in his favor and against appellant theretofore rendered by the District Court of Lamar County on an appeal by appellee from an assessment report by the appraisers of appellant.

608

Trial was to the court without a jury and resulted in a judgment for appellee.

Appellant's two propositions are: (1) "The court erred in finding that there was no basis for taxation of defendant's land on the part of plaintiff levee district because of the previous judgment for damages having been obtained against plaintiff by defendant."

And (2) "The court erred in rendering judgment for defendant since there was no evidence introduced by defendant on the trial of the case which tended to show that the right of the plaintiff to levy and collect taxes as to the land of defendant had been previously adjudicated adversely to plaintiff, and which defense, if any, was all that was asserted by defendant."

■ Appellant made no request to the trial court for findings of fact and conclusions of law, and none were filed, so if this case can be affirmed upon any theory presented by the record herein, it is our duty to do so. Texas Creosoting Co. v. Hartburg Lbr. Co., Tex.Com.App., 12 S.W.2d 169; Johnson v. Campbell, Tex.Civ.App., 107 S.W.2d 1111.

■ Appellant was organized under authority of R.C.S., Art. 7972 et seq., upon the net benefit basis. It seems to be conceded that its organization and operation are regular. The former litigation which involved appellant's effort to levy a tax assessment on appellee's land, for alleged benefits had, is reported in Tex.Com.App., 61 S.W.2d 818. In the former litigation it appeared that appellant's commissioners of appraisement were duly appointed and assessed the amount of benefit accruing to appellee's land at $20 per acre, resulting from its plan of reclamation. Appellee filed his objections and exceptions to the commissioners' report, later he: " * * * amends his objections and exceptions and claim for damages heretofore filed with said Commissioners and excepts to said report assessing benefits against said land in the sum of $20.00 per acre for the reason that neither of said tracts of land, to-wit: Tract No. 4 in Lamar (or tract No. 4 in Delta County not in controversy here) is benefitted in any sum by reason of the plan of reclamation and improvement and the construction of the channel in pursuance thereof; and on the contrary said land has been damaged in the sum of $50.00

per acre by reason of the fact that more water is caused to flow over said land and remain thereon for longer periods of time than before the construction of the drainage channel across his said land in said Lamar-Delta County Improvement District No. 2. * * *"

These amended objections and exceptions were overruled by said commissioners, and a direct appeal was taken by appellee to the District Court of Lamar County on January 7, 1930. A trial was had in the District Court March 24, 1931, resulting in a judgment for appellee. The material part of said judgment is: "It is therefore, ordered, adjudged and decreed by the court that plaintiff, Henry Gordon, do have and recover of and from the defendant, Lamar-Delta County Levee Improvement District No. Two, the sum of One Thousand Two Hundred Twenty Five and No/100 ($1225) Dollars, and interest thereon from this date at the rate of six per cent per annum, and all cost of suit."

Upon the amended objections and exceptions set out above the district court rendered a judgment against appellant and in favor of appellee for $1,225. The only basis upon which appellant's right to tax appellee's land rested was the net benefit accruing to it as found by the commissioners of appraisement. And while the judgment does not in express terms state that the amount of money adjudged against appellant levee district was for damages to appellee's land as a result of its reclamation plan, by implication this is its effect. This is true also with respect to the alleged assessed benefits. The judgment must be held, in support of its finality, to have disposed of this item against appellant. Rackley v. Fowlkes, 89 Tex. 613, 36 S.W. 77; Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161; Johnson v. Bussey, Tex.Civ.App., 95 S.W.2d 990, writ refused; Freeman on Judgments, 5th Ed. Vol. I, § 77; 3 T.J. § 58. There can be no basis now for the alleged delinquent taxes assessed against appellee's land without a showing by appellant of a changed condition since the rendition of the former judgment between these parties, reflecting a benefit accruing to this land equal to the amount of assessed benefits now charged against it. Appellant's propositions are overruled.

The judgment of the trial court is in all things affirmed.