Rosa S. CANALES, Administratrix, Appellant,

v.

Guadalupe Sandoval OLIVER, Guardian, Appellee.

No. 13435.

Court of Civil Appeals of Texas.

San Antonio.

March 4, 1959.

Rehearing Denied April 1, 1959.

Fitzgibbon & Goodwin, John Fitzgerald Ryan, Laredo, for appellant.

Bismark Pope, Abraham Kazen, Jr., Laredo, for appellee.

## W. O. MURRAY, Chief Justice.

This is an appeal from a judgment of the District Court of Webb County, Texas, setting aside Lot 2 in Block 154, Western Division of the City of Laredo in Webb County, Texas, in its entirety, together with all improvements thereon, for the use and benefit of a minor, Maria Theresa Sandoval, and her guardian, Guadalupe Sandoval Oliver. It was found by the court that said lot was the homestead of Maria de Jesus Saenz de Sandoval, the deceased mother of both the minor and her guardian. In other words, the minor and her guardian are sisters.

It is the contention of Rosa Sandoval Canales, administratrix of the estate of Maria de Jesus Saenz de Sandoval, deceased, that deceased, during her lifetime, had abandoned certain portions of said Lot 2 as her homestead by maintaining two rent houses thereon. The trial court found that Mrs. Sandoval, deceased, had not abandoned any part of said Lot 2 as her homestead, and awarded the property to the minor, Maria Theresa Sandoval, "to be used through her guardian under order of the proper court."

The evidence shows that Santiago Sandoval, deceased, and Maria de Jesus Saenz de Sandoval, during their lifetime, were husband and wife. As issue of their marriage, some seven children were born to them, two of whom were deceased at the time of their mother's death. Mr. and Mrs. Sandoval entered into a contract to purchase said Lot 2 in Block 154, and were making payments thereon at the time of Mr. Sandoval's death in March, 1920. The Sandovals lived and made their home on said Lot 2 for many years. After the death of her husband, Mrs. Sandoval completed the payments on the property and received the deed thereto in her name. She operated a tortilla factory and grocery store in a little house located on the lot, in which the family also lived. In about 1925, Mrs. Sandoval purchased a large frame house, hereinafter referred to as the duplex, and moved it onto the southwest corner of said Lot 2. She then carried on her business of making tortillas, etc., in the west side of the duplex, and she and her family resided in the east side. Mrs. Sandoval thereafter rented out the small house which was located on the southeast corner of Lot 2. In 1930, she became ill and sold her tortilla factory and stock of groceries, and rented out the west side of the duplex to another who carried on the business therein. In the year 1945 Mrs. Sandoval erected a house on the north end of Lot 2 and rented it out since that time. In 1952, Mrs. Sandoval adopted a minor child three years of age, who is the minor herein involved. The child is now ten years of age and Guadalupe Sandoval Oliver has been duly appointed guardian of this minor.

The administratrix does not deny that the minor and her guardian are entitled to the use of the duplex during the minority of the child, together with the right of ingress and egress to the same, but she does contend that the remainder of the lot had been abandoned by Mrs. Sandoval as her homestead, prior to the time of her death, and that therefore the minor is not

entitled to have that portion of said Lot 2 set aside to her as homestead property. Mrs. Sandoval died in 1955, and at the time of her death she had been renting one of these houses for some thirty years and the other for some ten years.

The County Judge of Webb County, sitting in matters of probate, set aside to the minor and her guardian the duplex and half the ground between the duplex and a rent house to the north, and found that the space between the duplex and the rent house to the east would be used in common as a way of ingress and egress by the said guardian and her ward and by the administratrix, Rosa S. Canales, from which order of the judgment Guadalupe Sandoval Oliver, the guardian, prosecuted an appeal to the District Court of Webb County.

■ Appellant's first contention is that the property occupied by the two rent houses had been abandoned by Mrs. Sandoval as a part of her homestead at the time of her death, and that for this reason the district court erred in awarding this property to the minor and her guardian for her use during minority. It has definitely been held that the head of a family may abandon a part of an urban homestead by erecting rent houses thereon. Moore v. Moore, 89 Tex. 29, 33 S.W. 217; Morris v. Morris, 45 Tex.Civ.App. 60, 99 S.W. 872; Moss v. Smith, 29 Tex.Civ.App. 458, 68 S.W. 533; Uvalde Rock Asphalt Co. v. Warren, 127 Tex. 137, 91 S.W.2d 321; Maury v. Mireles, Tex.Civ.App., 93 S.W. 2d 1194; Scottish American Mortgage Co. v. Milner, Tex.Civ.App., 30 S.W.2d 582; Atwood v. Guaranty Construction Co., Tex. Com.App., 63 S.W.2d 685; Blum v. Rogers, 78 Tex. 530, 15 S.W. 115.

It is shown that said Lot 2 is an inside lot, about 55 feet wide and 110 feet deep. It fronts south on Lincoln Street. There is no way to reach the house on the north end of the lot except by entering from Lincoln Street and passing between the house on the southeast corner and the duplex on the southwest corner of the lot. There is no evidence as to the size of the three houses. The record does not show how wide this passageway is, but we may presume it is rather narrow, because there are only 55 feet for the two houses on the south side and the passageway. There is nothing in the record to show how much of the lot is used in connection with each house. If the passageway between the two houses should be awarded to the house on the north side of the lot, there would be no way to reach the back yards of the other two houses. There seem to be no fences separating these houses from one another.

Under all of these circumstances, the trial court did not have before him sufficient evidence to inform him just what part of the homestead had been abandoned to the rent houses and what part had not been abandoned.

There is no question that at one time the entire lot was the homestead of Mrs. Sandoval, and appellant, having undertaken to show that portions of said lot had been abandoned for homestead purposes and converted to the use of the rent houses, was charged with the burden of proving just what part of the homestead had been abandoned.

What was said in City of Amarillo v. Loden, Tex.Civ.App., 22 S.W.2d 969, 970, applies here. The Court said:

"If the property or any part of it was rented and thereby abandoned, it rested on the plaintiff to show the extent of such abandonment. There is no proof showing the size of the building which was rented, no proof of a fence or other means of segregating it from the balance of the lot, and nothing in the record to enable the trial court to fix any arbitrary line by which the property comprising the homestead could be separated from the rented property. Hence, in the absence of such proof, the trial court could not have decreed that any part of said lot was subject to the plaintiff's

lien by reason of such abandonment by renting. The jury makes a general finding that a portion of the lot was rented, but such verdict gives no data by which to identify the said portion."

See also, 22 Tex.Jur. 91, § 61, and Hayes v. Cavil, Tex.Civ.App., 31 S.W. 313.

Here the parties stipulated that the house on the southeast corner and the house on the north end of the lot were rented, but there is no data whereby the trial court or this Court could determine what portion of the lot had been abandoned and what portion had not. The burden of showing this was upon appellant.

The judgment of the trial court is affirmed.