*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-11-00229-CV

**ESTATE OF** Domingo **CANTU**, Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2009-PC-0858
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  June 20, 2012

AFFIRMED

Appellant Jose Soria is a creditor of appellee Amelia Cantu; Soria challenges a probate court order setting aside Cantu's property as a homestead that is exempt from creditors.  In a single point of error, Soria contends that the probate court erred in determining that Cantu did not abandon a portion of her homestead.  We affirm the probate court's order.

## BACKGROUND

Amelia Cantu owns 7.545 contiguous acres that traverse the border of Bexar and Wilson Counties—approximately 0.785 acres lie in Wilson County.  Domingo Cantu purchased the property in the late 1980s.  Amelia has lived on the property since 2002, and she married Domingo Cantu in 2004.  Domingo died in 2009.

There are two houses on the property. Amelia lives in the larger house which lies within Bexar County. Amelia and Domingo leased the second, smaller house, which lies in Wilson County, to their friends for a term of six months beginning April 1, 2008. A second agreement was executed in November 2008 extending the lease for a term of fifteen years. The monthly rent in each lease is $750. There are no specific leasehold boundaries identified in either of the leases. Both houses share the same address—15670 Stuart Road. In the first lease, the rental house is identified as "#9." In the second lease, the rental house is identified as "Lot 9." There is a wire-post fence standing approximately four feet tall between the two houses, but it does not enclose either house nor does it extend to the rear of the property.

Soria filed suit against Amelia for unpaid attorney's fees. While Soria's suit was pending, Amelia filed a Motion for Order Setting Apart Exempt Property. At the hearing on Amelia's motion, two witnesses testified—Amelia Cantu and Roland Salazar. Amelia testified that she had never abandoned any part of her homestead. Soria called Salazar, a tax appraiser and tax representative, to testify that Amelia had abandoned the leased portion of her property that he identified as the 0.785 acres of the Cantu property located in Wilson County. After hearing testimony, the probate court granted Amelia's motion. The court filed findings of fact and conclusions of law. Soria appeals the probate court's order.

There is no dispute that the entire 7.545 acre tract had at one time been impressed with rural homestead character. It is also undisputed that the house in which Amelia resides is homestead protected. The issues this court must review are whether Amelia has abandoned the leased property as part of her homestead and whether the leased property can be identified.

**HOMESTEAD PROTECTION**

Soria contends the probate court erred in finding that Amelia did not abandon the leased portion of her homestead by leasing the property for an extended period.

## A. Standard of Review

Whether abandonment of a homestead has occurred is an issue of fact. *Hollifield v. Hilton*, 515 S.W.2d 717, 721 (Tex. Civ. App.—Fort Worth 1974, writ ref'd n.r.e.); *see also Caulley v. Caulley*, 806 S.W.2d 795, 797 (Tex. 1991). We review a trial court's findings of fact for legal and factual sufficiency. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *see also Florey v. Estate of McConnell*, 212 S.W.3d 439, 446 (Tex. App.—Austin 2006, pet. denied) ("As in any other case involving a homestead claim, [the party claiming abandonment] had the burden of proving abandonment with legally and factually sufficient evidence."); *First Nat'l Bank at Lubbock v. John E. Mitchell Co.*, 727 S.W.2d 360, 362 (Tex. App.—Amarillo 1987, writ ref'd n.r.e.).

We review the legal sufficiency of the evidence in the light most favorable to the finding and indulge every reasonable inference that supports it. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). If, as in this case, the appellant "attacks the legal sufficiency of an adverse finding on an issue on which [he] has the burden of proof, [he] must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam); *accord Mo. Pac. R.R. Co. v. Limmer*, 299 S.W.3d 78, 84 & n.30 (Tex. 2009).

"When a party attacks the factual sufficiency of an adverse finding on an issue on which [he] has the burden of proof, [he] must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Dow Chem.*, 46 S.W.3d at 242. Factual

sufficiency review requires us to examine "all of the evidence, and . . . set aside a verdict . . .if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id.*; *accord Ruiz v. Guerra*, 293 S.W.3d 706, 718 (Tex. App.—San Antonio 2009, no pet.).

**B.  Texas Homestead Law**

A homestead is "protected from forced sale, for the payment of all debts," except for those specifically enumerated in the Texas Constitution.  *See* TEX. CONST. art. XVI § 50; *Andrews v. Sec. Nat'l Bank of Wichita Falls*, 121 Tex. 409, 417–18, 50 S.W.2d 253, 255–56 (1932).  Constitutional and statutory provisions regarding homestead rights should be liberally construed.  *Andrews*, 50 S.W.2d at 256.  "[T]emporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired."  TEX. CONST. art. XVI § 51; *accord Hollifield*, 515 S.W.2d at 721; *cf.* TEX. PROP. CODE ANN. § 41.003 (West 2000) (providing that temporary renting does not change a property's homestead character).

Property that has been designated as homestead will not lose that character unless abandonment, death, or alienation occurs.  *Majeski v. Estate of Majeski*, 163 S.W.3d 102, 107 (Tex. App.—Austin 2005, no pet.); *Wilcox v. Marriott*, 103 S.W.3d 469, 472 (Tex. App.—San Antonio 2003, pet. denied) (citing *Garrard v. Henderson*, 209 S.W.2d 225, 229 (Tex. Civ. App.—Dallas 1948, no writ)).  In order to establish abandonment, there must be "both the cessation or discontinuance of use of the property as a homestead, coupled with the intent to permanently abandon the homestead."  *Estate of Montague v. Nat'l Loan Investors, L.P.*, 70 S.W.3d 242, 248 (Tex. App.—San Antonio 2001 pet. denied) (citing *Womack v. Redden*, 846 S.W.2d 5, 7 (Tex. App.—Texarkana 1992, writ denied) (per curiam)); *see also Hudgins v. Thompson*, 109 Tex. 433, 436, 211 S.W. 586, 587 (1919).  "[I]t must be undeniably clear and

beyond almost the shadow, at least all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption." *Gouhenant v. Cockrell*, 20 Tex. 96, 98 (1857); *accord Estate of Montague*, 70 S.W.3d at 248. While temporary renting of homestead property does not destroy the property's homestead protection, permanent renting of homestead property may result in abandonment and loss of homestead protection. *See Wynne v. Hudson*, 66 Tex. 1, 9, 17 S.W. 110, 113 (1886); *Rollins v. O'Farrell*, 77 Tex. 90, 94, 13 S.W. 1021, 1023 (1890); *cf. West v. Austin Nat'l Bank*, 427 S.W.2d 906, 912 (Tex. Civ. App.—San Antonio 1968, writ ref'd n.r.e.).

Soria, as the party claiming abandonment, had the burden of proving that Amelia permanently abandoned the leased property. *See Sullivan v. Barnett*, 471 S.W.2d 39, 43 (Tex. 1971); *Canales v. Oliver*, 322 S.W.2d 411, 413 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.). Soria had the additional burden of establishing the location of the parcel that had been abandoned. *See Canales*, 322 S.W.2d at 413 (concluding that homes that were leased for ten and thirty years were not considered abandoned as homestead when there was not enough evidence to conclude what portion had been abandoned); *see also Majeski*, 163 S.W.3d at 110.

## C. Soria Failed to Meet His Burden

Soria asserts Amelia permanently abandoned the leased portion of her homestead because (1) she leased it for fifteen years, (2) a fence separates the houses, and (3) Amelia failed to renew her homestead exemption in Wilson County, which is the land on which the leased house stands.

We need not determine whether Amelia permanently abandoned the rented portion of her homestead because Soria has not met his additional burden of identifying the location of the portion of the homestead property that has been abandoned. *Cf. Canales*, 322 S.W.2d at 413. The probate court found that "the lease of the house . . . does not set out any particular portion of

the land as subject of the lease, nor has any portion of the land been fenced off to establish boundaries of the leased premises." We turn to the record to determine if the evidence supports the trial court's finding.

Soria identified the rented portion of Amelia's property as the 0.785 acres located in Wilson County (the Wilson County tract), relying on the fence that separates the two houses as a boundary. But the evidence does not establish that the fence corresponds with the county line. A Wilson County Appraisal was admitted into evidence and shows that 0.785 acres and the rental house lie in Wilson County; however, there is no evidence in the record that establishes where the Wilson and Bexar County line exists relative to the rental house. Additionally, the leases executed between Cantu and her tenants merely identify the leased premises as being "#9" or "Lot 9," but no boundaries of such property are described in the lease. Nor does the lease refer to the acreage, size of the lot, or the county line.

The only witness that attempted to describe a specific boundary was Soria's witness, Roland Salazar. An aerial satellite photograph was admitted into evidence that shows a portion of Cantu's total 7.545 acres, two houses, and a fence between the two houses. When asked where the rear of the leased property ends, Salazar exclaimed, "I'm going to say probably with—perpendicular to the back boundary of the fence line." However, Salazar admitted that he did not measure the property. No evidence or testimony was admitted that affixed a boundary that enclosed the leased property. Salazar also acknowledged that he had not read or seen the lease covering the disputed property. Nothing in the record supports his conclusion that the leased property ends perpendicular to the fence. Moreover, there is no evidence of the other boundaries relevant to the rental tract. Salazar's testimony, at best, affixed two boundaries to the leased property. Determining a specific, enclosed area of abandonment would require the probate court

and this court to make assumptions not supported by the evidence. Under these facts, Soria has not met his burden of identifying the portion of the property Cantu abandoned. *See Canales*, 322 S.W.2d at 413–14 ("There is nothing in the record to show how much of the lot is used in connection with each house."); *Majeski*, 163 S.W.3d at 109–10.

Reviewing the record in the light most favorable to the probate court's findings and indulging all reasonable inferences in support of the findings, we conclude that the evidence was legally sufficient to support the probate court's order setting aside Amelia's property as exempt from creditors. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Additionally, after reviewing all of the evidence, we conclude that the probate court's findings are not against the great weight and preponderance of the evidence, nor are they clearly wrong or unjust. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam); *Ruiz v. Guerra*, 293 S.W.3d 706, 718 (Tex. App.—San Antonio 2009, no pet.). Soria failed to conclusively establish the boundaries of the allegedly abandoned property, and there was legally and factually sufficient evidence to support the probate court's findings.

## CONCLUSION

The evidence was legally and factually sufficient to support the probate court's order setting aside Amelia Cantu's homestead property as exempt from creditors. Accordingly, we affirm the probate court's order.

Rebecca Simmons, Justice